U.S. District court
Southern District of New York

RECEIVED
JAN 0 2 2025
PRO SE OFFICE

Devin Richardson
        Plaintiff Pro-se,

v.                                  Complaint
                                    Civil No.

City of New York
Capt. Maka      (N.Y.P.D.)
Lt. Gavin Hoop  (N.Y.P.D.)
P.O. Husamedin umer (N.Y.P.D.)
P.O. Holika Espinal  (N.Y.P.D.)
Tamika Powell      (N.Y.C.H.A.)
Daniel Kiss        (N.Y.C.H.A.)
Kim Theodore       (N.Y.C.H.A.)
James secreto      (N.Y.C.H.A.)
                        Defendants.


                    Jurisdiction
                        and
                      Venue


1. This is a civil action authorized by 42 U.S.C. section 1983 to redress the deprivation, under color of state law, of rights secured by the constitution of the united states. The court has jurisdiction under 28 U.S.C. section 1331 and 1343(a)(3).

2. The Southern District of New York is an appropriate Venue under 28 U.S.C. section 1391(b)(2), because it's where the events giving rise to this claim Occurred.

## Plaintiff

1. Plaintiff, Devin Richardson, proceeding in Pro-se. He is currently confined in the Metropolitan Detention center (M.D.c.) P.O. Box 329002 Brooklyn, N.Y. 11232.

## Defendants

1. The City of New York

2. Captain Mojo, New York city Police Department ("N.Y.P.D."), Police Service Area 7 ("P.S.A.7"). 737 Melrose Avenue Bronx, N.Y. 10455.

3. Lieutenant Gavin Hoop (Tax # 941910) New York city Police Department ("N.Y.P.D."), Police service Area 7 ("P.S.A.7"). 737 Melrose Avenue Bronx, N.Y. 10455.

4. Police officer Husamedin umer (Tax # 963786), (shield # 7309), New York city Police Department ("N.Y.P.D."), Police service Area 7 ("P.S.A.7"). 737 Melrose Avenue Bronx, N.Y. 10455.

5. Police officer Holika Espinal (Tax# 962382) (Shield # 19482), New York city Police Department ("N.Y.P.D"), Police service Area 7 ("P.S.A.7"). 737 Melrose Avenue Bronx, N.Y. 10455.

6. James Secreto, New York city Housing Authority ("N.Y.C.H.A."), Public safety and security. 90 church Street New York, N.Y. 10007.

7. Kim Theodore, New York city Housing Authority ("N.Y.C.H.A"), Neighborhood Administrator Bronx Property Management. 1200 Waters Place Bronx, N.Y. 10461.

8. Tamika Powell, New York city Housing Authority ("N.Y.C.H.A."), Housing Manager Forest Houses. 1010 Trinity Avenue Bronx, N.Y. 10456.

9. Daniel Kiss, New York city Housing Authority ("N.Y.C.H.A"), 1010 Trinity Avenue Bronx, N.Y. 10456.

10. Toussaint Fitts, New York city Housing Authority ("N.Y.C.H.A"), Superintendent Forest Houses, 1010 Trinity Avenue Bronx, N.Y. 10456.

11. Each defendant is sued individually and in his and/or her official capacity. At all times mentioned in this complaint each defendant acted under color of State law.

## Statement of Facts

On or about April 1st, 2019. Plaintiff entered into a verbal sublease agreement with Kevin Davis, to rent the apartment located at 730 East 166 Street #3A Bronx, N.Y. 10456 ("Premises #1") (see Affidavit attached hereto as Exhibit A) (see also page #1 paragraph #2 of New York City Bronx County Civil Court Petition attached hereto as Exhibit B). As part of the above mentioned sublease agreement, Plaintiff agreed to pay the outstanding rent balance of around or about three thousand dollars. on or about April 16th, 2019. Plaintiff did pay, the above mentioned overdue rent balance (see New York City Housing Authority rent notification attached hereto as Exhibit C).

On or about August 8th, 2022, through around or about August 23rd, 2022. New York City Housing Authority ("N.Y.C.H.A.") employees, James Secreto, Tamika Powell, Daniel Kiss, Kim Theodore, and Toussaint Fitts. Aware that Plaintiff resided at Premises #1 for over three years, and was entitled to tenant protection pursuant to state and municipal law. Had Plaintiff arrested and unlawfully locked him out of Premises #1, (see page #1 of E-mail communications between Tamika Powell and Daniel Kiss attached hereto as Exhibit D). Also James Secreto enlisted Captain Maya ("Capt. Maya") of the New York City Police Department ("N.Y.P.D.") PSA7, as part of their diabolical scheme to circumvent state and municipal law and unlawfully evict Plaintiff from P

Premises #1 (see pg #1 of Ex.D).

On August 8th, 2022. In an E-mail sent to James secreto, from Kim Theodore. Kim Theodore erroneously and with a reckless disregard for the truth, transmitted communications about Plaintiff meant to exaggerate and inflame others against him (see pg #2 of Ex.D). Again these statements were used to enlist N.Y.P.D. Capt.Maya, as part of the N.Y.C.H.A's diabolical scheme to unlawfully evict Plaintiff from Premises #1.

Furthermore, on or about August 8th, 2022. Toussaint Fitts transmitted communications with Kim Theodore via E-mail. These E-mails were used in the hope of inflaming others against Plaintiff, to forward their plan to unlawfully evict him from Premises #1.

On Sptember 19th, 2022. At approximately 2pm. The first wave of N.Y.P.D. Storm-Troopers, Police officer Holika Espinal ("P.O.Espinal") and Lieutenant Gavin Hoop ("Lt.Hoop") among them, arrived at Premises #1, P.O Espinal informed Plaintiff that, "as per N.Y.C.H.A's Management he was Trespassing in the apartment and demanded that Plaintiff leave or be arrested". At this point Plaintiff refused to leave and informed P.O.Espinal that, he resided at Premises #1 for around or about three year's (see pg #1, para #2 of Ex.B), and also presented to her his New York State identification ("N.Y.S I.D"), bearing Premises #1's address. Plaintiff also presented to P.O.Espinal, incoming mail bearing his name and Premises #1's address.

Plaintiff also informed P.O. Espinal that, it was a civil matter not criminal pursuant to State and Municipal law. And Plaintiff should not be arrested for criminal Trespassing especially after presenting to her an official N.Y.S. I.D. that could have been verified with the New York State Department of Motor Vehicles ("N.Y.S. D.M.V.").

Nevertheless Plaintiff was arrested and charged with criminal Trespass (see Ex. E). without the shadow of any doubt with Capt. Maki's blessings.

On October 4th, 2022. At approximately 12:02 P.M. The Second Phalanx of N.Y.P.D. Storm-Trooper's, Police Officer Husamedin umer ("P.O. umer") and Lt. Hoop among them, arrived at Premises #1. P.O. umer informed Plaintiff that, "as per N.Y.C.H.A's management he was Trespassing in the apartment and demanded that Plaintiff leave or be arrested." At this point Plaintiff refused to leave and informed P.O. umer that, he resided at Premises #1 for three year's (see pg #1 para #2 of Ex.B), and also presented to him his N.Y.S I.D. bearing Premises #1's address. Plaintiff also presented to P.O. umer, incoming mail bearing his name and Premises #1's address.

Plaintiff also informed P.O. umer that, it was a civil matter not criminal pursuant to state and Municipal law and he should not be arrested for Criminal Trespass especially after presenting to him an official N.Y.S. I.D. that could have been verified with the N.Y.S D.M.V

Nevertheless Plaintiff was arrested and charged with Criminal Trespass (see Ex.F ), with no doubt under Capt. Moje's direction, in concert with N.Y.C.H.A's management.

On April 20th, 2023 Both Criminal Trespass Charge's were dismissed in the interest of justice.

## Cause of
## Action

## First Cause of
## Action

Conspiracy to Interfere with Civil Rights and Failure to Prevent the Conspiracy under 42 U.S.C. Sections 1983, 1985 and 1986 Against Individual Defendants

1. The above paragraphs are here incorporated by reference as though fully set forth herein.

2. Defendants engaged in a conspiracy against Plaintiff to deprive Plaintiff of his right, to be free from unreasonable searches and seizures, to not be deprived of his liberties or property without due process of law, or of the privileges and immunities under the laws and constitutions of the United States and of the state of New York.

3. Defendants committed overt acts in furtherance of their conspiracy against Plaintiffs.

4. As a result, Plaintiff sustained was deprived of his liberties or was deprived of rights or privileges of citizens of the United States.

5. Defendants' conspiracy was motivated by a desire to deprive Plaintiff of his civil rights or because of some racial, otherwise class-based, invidious or discriminatory animus.

6. The Defendants that did not engage or participate in the conspiracy to interfere with Plaintiff civil rights, had knowledge that acts in furtherance of the conspiracy were about to be committed or in process of being committed, possessed the power to prevent or aid in the prevention of the conspirational objective, and neglected to do so.

7. Accordingly, defendants violated Plaintiff rights, pursuant to the Fourth, Fifth, Sixth and/or Fourteenth Amendments to the United States constitution.

8. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## Second Cause
## of Action

Unlawful search and seizure under 42 u.s.c.
section 1983 against individual Defendants

1. The above paragraphs are here incorporated by reference as though fully set forth herein.

2. Defendants subjected Plaintiff and his property to unreasonable searches and seizures without a valid warrant and without reasonable suspicion or probable cause to do so.

3. Plaintiff was conscious and fully aware of the unreasonable searches and seizures to his person and property.

4. Plaintiff did not consent to the unreasonable searches and seizures to his person or property.

5. The unreasonable searches and seizures to Plaintiff's person and property were not otherwise privileged.

6. Accordingly, defendants violated Plaintiff's right to be free from unreasonable searches and seizures, pursuant to the Fourth Amendment to the united states constitution.

7. As a direct and proximate result of this unlaw-ful conduct, Plaintiff sustained the damages herein alleged.

## Third Cause
## of Action

False Arrest and False Imprisonment under 42 U.S.C. section 1983 Against individual Defendants.

1. The above paragraphs are here incorporated by reference as though fully set forth herein.

2. The Defendants violated the Fourth and Fourteenth Amendments to the U.S Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

3. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without Plaintiff's consent, and without probable cause or reasonable suspicion.

4. At all relevant time, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

5. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

## Fourth Cause
## of Action

Malicious Prosecution under 42 u.s.c. Section
1983 Against individual Defendants.

1. The above paragraphs are here incorporated by
reference as though fully set forth herein.

2. Defendants initiated the prosecution against
Plaintiff.

3. Defendants lacked probable cause to believe
Plaintiff were guilty or that the prosecutions would
succeed.

4. Defendants acted with malice, which, in the
absence of probable cause, may be inferred

5. The prosecutions were terminated in Plaintiff
favor, when the criminal charges were dismissed.

6. Accordingly, Defendants violated Plaintiff Fourth
and Fourteenth Amendment rights.

7. As a direct and proximate result of this unlawful
conduct, Plaintiff sustained the damages herein all-
eged.

# Fifth Cause
## of Action

### Malicious Abuse of Process under 42 u.s c. section 1983 Against individual Defendants

1. The above paragraphs are here incorporated by reference as though fully set forth herein.

2. Defendants arrested, detained and caused criminal prosecutions to be initiated or maintained against Plaintiff to compel the compliance or forbearance of some act. (see pg # 1 of Ex. D).

3. Defendants had no excuse or justification to forcibly detain and initicate a prosecution against Plaintiff, especially with the absence of any cognizable Probable cause.

4. Defendants intended to inflict substantial harm upon Plaintiff.

5. Defendants acted to achieve a collateral purpose, beyond or in addition to Plaintiff's Criminal Prosecution. (see pg # 1 of Ex. D).

6. Defendants actions deprived Plaintiff of his Constitutional right to be free from illegal searches and seizures and not be deprived of his liberty or

property without the Due Process of law in Violation of the Fourth and Fourteenth Amendments to the United States Constitution.

7. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

### Sixth Cause
### Of Action

Denial of Right to Fair Trial under 42 U.S.C. section 1983 Against Individual Defendants

1. The above paragraphs are here incorporated by reference as though fully set forth herein.

2. Defendants fabricated false evidence to be used against Plaintiff's that was likely to influence a jury's decision.

3. Defendants forwarded said false information to Prosecutors within the District Attorney's office

4. Defendant's actions resulted in post-arraignment restrictions and deprivations upon Plaintiff liberty and freedom of movement.

5. Accordingly, defendants violated Plaintiff rights to

fair trial, pursuant to the Fifth, sixth and Fourteenth Amendments to United States constitution.

6. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

Seventh Cause
of Action

Deprivation of rights and Denial of Equal Protection of the Laws under 42 U.S.C. sections 1981 and 1983 Against Individual Defendants

1. The above paragraphs are here incorporated by reference as though fully set forth herein.

2. Plaintiff, as an African-American male, belong to Protected classes and racial/ethic minorities.

3. Defendants discriminated against Plaintiff on the basis of his race, color or ethnicity.

4. Defendants engaged in the selective treatment of Plaintiffs in comparison to others similarly situated.

5. Defendants selective treatment of Plaintiff was based on impermissible considerations, such as race, color, ethnicity, an intent to inhibit or punish Plaintiff for the exertion of his constitutional rights, or malicious or bad

faith intent to injure Plaintiff.

6. Defendants applied facially neutral laws against Plaintiff in a discriminatory manner.

7. Defendants, motivated by a discriminatory animus, applied facially neutral penal statutes with adverse effects against Plaintiff.

8. Defendants did not possess a rational basis, excuse or justification for applying any laws or statutes against Plaintiff.

9. Defendant violated Plaintiff rights, under the Fourteenth Amendment.

## Eighth Cause
## of Action

Denial of Right to Due Process under 42 u.s.c. Section 1983 Against individual Defendants

1. The above paragraphs are incorporated by reference as though fully set forth herein.

2. Defendants knowing that Plaintiff had tenants rights, had Plaintiff arrested for Criminal Trespass in violation of N.Y.C. Code section 26-521. (see Ex. G)

3. Accordingly, defendants violated Plaintiff rights, under the Fourteenth Amendment.

## Ninth Cause
## of Action

Municipal "Monell" Liability under 42 U.S.C. section 1983 Against Defendant city.

1. The above paragraphs are here incorporated by reference as though fully set forth.

2. Defendant city maintained a policy or custom that caused Plaintiff to be deprived of his civil rights, tacitly approved of such violative conduct or was deliberately indifferent toward the potential exposure of individuals, such as Plaintiff, to such violative behavior.

3. Defendant city's employee police officers and N.Y.C.H.A workers have engaged in an illegal pattern and practice of misconduct, so consistent and widespread that it constitutes a custom or usage, of which a supervisor or policy maker must have been aware of. (see pg # 1 of Ex. D).

4. Defendant city, its policy makers and supervisors failed to provide adequate training or supervision to their subordinates, to such an extent that is tantamount to the city's deliberate indifference toward the rights of

those who may come into contact with defendant city's employees.

5. Defendant city's employees engaged in such egregious and flagrant violations of Plaintiffs constitutional rights that the need for enhanced training or supervision is obvious and equates to a display of deliberate indifference by defendant city and its policymakers toward the rights of individuals, who may come into contact with defendant city's employees.

6. Defendant city's repeated refusal or failure to install or apply corrective or preventive measures constitutes the tacit approval of such violative behavior or a deliberate indifference to the rights of those who may be affected by such behavior.

7. Defendant city's conduct caused Plaintiff to be deprived of his civil rights, as guaranteed by the constitution of the United States, via the Fourth, Fifth, Sixth, and Fourteenth Amendments thereto.

8. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

Tenth Cause
of Action

Failure to intervene under 42 u.s.c. section 1983 Against individual Defendants

1. The above paragraphs are here incorporated by reference as though fully set forth herein.

2. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

3. Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

4. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

Damages

Plaintiff demands compensatory damages in the amount of $2,000,000.°°, and punitive damages in the amount of $3,000,000.°°

Plaintiff also demands trial by jury.

In accordance with 28 u.s.c. section 1746(2), Plaintiff declare under penalty of perjury that the foregoing is true and correct.

Devlin Richardson

Dated: Dec 16th, 2024

Exhibit A

U.S. District Court,
Southern District of New York

Devin Richardson
            Plaintiff Pro-se,

                                                    AFFIDAVIT

V.                                                  Case #

City of New York
Capt. Mola            (N.Y.P.D.)
Lt. Gavin Hoop        (N.Y.P.D.)
P.O. Husamedin umer   (N.Y.P.D.)
P.O. Holika Espinal   (N.Y.P.D.)
Tamika Powell         (N.Y.C.H.A.)
Daniel Kiss           (N.Y.C.H.A.)
Kim Theodore          (N.Y.C.H.A.)
James Secreto         (N.Y.C.H.A.)
                      Defendants.

        Devin Richardson affirms under the penalties
for perjury:

1. I am the defendant in the above captioned matter.

2. On or about April 1st, 2019, I entered into a verbal
sublease agreement with Kevin Davis. To rent an
apartment located at 730 East 166 street #3A, Bronx,
N.Y. 10456.

3. As part of the above mentioned sublease agreement,
I agreed to pay the outstanding rent balance of around
or about three thousand dollars.

4. On or about April 16th, 2019. I did pay, the above mentioned overdue rent balance.

5. I did live at 730 E 166 street #3A, from April 1st, 2019 through October 4th, 2022.

6. I was arrested and charged with Criminal Trespass at 730 E 166 street #3A. By the N.Y.P.D. on September 19th, 2022, and October 4th, 2022.

7. My N.Y.S. I.D. and car registration both bore, 730 E 166 street #3A. At the time of both arrest dates

8. I did receive mail at 730 E 166 street #3A, at the time of both arrest dates.

In accordance with 28 U.S.C. section 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

Davin Richardson

Dated: December 18th, 2024.

Exhibt B

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX

NEW YORK CITY HOUSING AUTHORITY
FOREST HOUSES

Petitioner (Landlord)

against

DEVIN RICHARDSON _____ John Doe and Jane Doe

Respondent(s)

L&T# 302090-23
PETITION
HOLDOVER - LICENSEE

The petition of the NEW YORK CITY HOUSING AUTHORITY, respectfully shows:

1. Petitioner is a domestic public corporation created by the laws of the State of New York and is duly authorized to maintain this proceeding.

2. Prior to APRIL 11, 2019 respondent(s) DEVIN RICHARDSON and John Doe and Jane Doe entered into occupancy of the premises 730 E.166TH STREET BRONX NY 10456 Apt# 03A, 3RD FLOOR County of BRONX City and State of New York, which is part of FOREST HOUSES, a low rent public housing project owned and/or operated by petitioner as possible licensee(s) of MILDRED DAVIS since MOVED who was then entitled to possession of said apartment and said licensor is no longer in or entitled to possession thereof and said respondent(s) has/have continuously occupied said apartment using the same as a place of residence without the consent of petitioner.

3. A notice in writing, a copy of which is annexed hereto and made a part hereof, was served upon said respondent(s) in the same manner in which a Notice of Petition is required to be served by law, as appears more fully from the Affidavit(s) of Service annexed hereto, requiring said respondent(s) and all persons occupying said apartment to quit the same.

4. Said respondent(s) hold(s) over and continue(s) in possession of the said premises without the permission of petitioner although such notice to quit has been served and time for removal from the said premises has expired.

5. The premises are: a) exempt from rent control by reason of the specific statutory exemption of housing accommodations owned and/or operated by a public housing authority or sought to be recovered by petitioner as PROPERTY Manager of the above described premises, has read the petition and knows that the contents thereof are true to deponent's knowledge, except as to those matters therein stated to be alleged on information and belief, and as to those matters deponent believes the same to be true. The source of deponent's information and the reason for deponent's belief as to all matters in the said petition not stated upon personal knowledge are investigations which deponent caused to be made concerning the subject matter of the proceedings and information acquired by deponent in the course of deponent's duties as Property Manager of said premises and from the records and papers of petitioner.

Wherefore, petitioner prays for final judgement awarding to it possession of said premises, together with costs of these proceeding and for a warrant to remove the said respondent(s) from the possession of the said premises and for the fair value of the use and occupancy of the premises for the period of occupancy during which no rent was due.

Dated: BRONX, New York.
JANUARY 5 2023

NEW YORK CITY HOUSING AUTHORITY
Petitioner

By: ALTHEA MCFADDEN
Manager

STATE OF NEW YORK, COUNTY OF BRONX ss:

ALTHEA MCFADDEN
being duly sworn, deposes and says:
This verification is made by deponent in behalf of petitioner under CPLR Sec. 3020(d)(2) as petitioner is a public corporation and a corporate governmental agency. Deponent is employed by petitioner as PROPERTY Manager of the above described premises, has read the petition and knows that the contents thereof are true to deponent's knowledge, except as to those matters therein stated to be alleged on information and belief, and as to those matters deponent believes the same to be true. The source of deponent's information and the reason for deponent's belief as to all matters in the said petition not stated upon personal knowledge are investigations which deponent caused to be made concerning the subject matter of the proceedings and information acquired by deponent in the course of deponent's duties as Property Manager of said premises and from the records and papers of petitioner.

ALTHEA MCFADDEN
Manager

Sworn to before me this 5th day of JANUARY 2023

TATYANA SEGAL
Notary Public-State of New York
No. 01SE6224501
Qualified in Kings County
Commission Expires September 2, 2026

---

Civil Court
of the City of New York
County of BRONX

NEW YORK CITY HOUSING AUTHORITY
FOREST HOUSES

Petitioner
(Landlord)

against

DEVIN RICHARDSON

John Doe and Jane Doe

Respondent(s)

L&T# 302090-23

********************
LICENSEE
PETITION
(DWELLING)
HOLDOVER
Account# 059-004-03A
********************

APT# 03A

730 E.166TH STREET
BRONX N.Y. 10456

David Ronde
Attorney for the Petitioner
90 Church Street
New York, N.Y. 10007
(212) 776-5200

NYCHA 040.317

L&I# 2020-90-23

Civil Court
of the City of New York
County of BRONX

NEW YORK CITY HOUSING AUTHORITY

Petitioner
(Landlord)

-against-

DEVIN RICHARDSON

Respondent(s)

John Doe and Jane Doe

730 E.166TH STREET
BRONX N.Y. 10456

APT# 03A

Account# 059-004-03A

L I C E N S E E
P E T I T I O N
(D W E L L I N G)
L I C E N S E
H O L D O V E R

*****************************************************

**
**
**
**
**
**
**
**
**
**
**
**

---

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
NEW YORK CITY HOUSING AUTHORITY
FOREST HOUSES

Petitioner (Landlord)

-against-

DEVIN RICHARDSON _____ John Doe and Jane Doe

Petitioner (Landlord) _____ Re

The petition of the NEW YORK CITY HOUSING AUTHORITY, respectfully shows:

1. Petitioner is a domestic public corporation created by the laws of the State of New York, and to maintain this proceeding.

2. Prior to APRIL 11, 2019 respondent(s) DEVIN RICHARDSON and John Doe a and entered into occupancy of the premises 730 E.166TH STREET BRONX NY 10456 APT 03A, 3RD FLOOR City and State of New York, which is part of FOREST HOUSES a low rent and/or operated by petitioner as possible licensee(s) of MILDRED DAVIS since how possession of said apartment and said licensor is no longer in or entitled to possession thereof continuously occupied said apartment using the same as a place of residence without the consent o

3. A notice in writing, a copy of which is annexed hereto and made a part hereof, was served upon manner, in which a Notice of Petition is required to be served by law, as appears more fully from annexed hereto, requiring said respondent(s) and all persons occupying said apartment to quit the

4. Said respondent(s) hold(s) over and continue(s) in possession of the said premises without, th although such notice to quit has been served and time for removal from the said premises has expi

5. The premises are: a) exempt from rent control by reason of the specific statutory exemption c owned and/or operated by a public housing authority or sought to be recovered by such authority p regulation under which the accomodation is administered; and b) not subject to the registration provisions of the Housing Maintenance Code or the Rent Sta 1969 by reason of specific statutory exemptions.

Wherefore, petitioner prays for final judgement awarding to it possession of said premises, toge and for a warrant to remove the said respondent(s) from the possession of the said premises and f occupancy of the premises for the period of occupancy during which no rent was due.

Exhibit C

NEW YORK CITY HOUSING AUTHORITY                          Page  1

FOREST
1010 TRINITY AVE
BRONX NY 10456
TEL#:  (718)991-0300

**Tenant Address:**  730 E.166TH STREET #03A BRONX NY 10456

**Apartment Size:**   5        **Family Size**   2

Head of Household:

| First Name | Last Name | | Birthdate | Soc. Sec.# |
|---|---|---|---|---|
| MILDRED | DAVIS | | 9/20/1935 | XXX-XX-XXXX |

**Additional Family Members:**

| First Name | Last Name | Birthdate | Soc. Sec.# | Relationship |
|---|---|---|---|---|
| KEVIN | DAVIS | 2/01/1969 | XXX-XX-XXXX | CHILD |

Net Rent Prior to 06/2022 is:    $248.00

As of 06/2022  Monthly Net Rent is:    $248.00

Utility Allowance:        $.00

Current Amount Owed:$ ~~7980.~~⁰⁰

Last Rent Paid: $ 238.⁰⁰  On 04/16/2019

Current Legal Action: _____

HOUSING OFFICIAL  _____  DATE: 9/19/22

Exhibit D

**Powell, Tamika**

| | |
|---|---|
| **From:** | Secreto, James |
| **Sent:** | Tuesday, August 23, 2022 7:13 PM |
| **To:** | Powell, Tamika; Kiss, Daniel |
| **Cc:** | Theodore, Kim; Fitts, Toussaint |
| **Subject:** | RE: Fear in Forest Houses (URGENT) |

Good evening,

I spoke to Capt. Moya of PSA 7 concerning Mr. Richardson and what can be done involving Bx DA's office.  I will follow up with Capt. Moya

James Secreto

**James Secreto**
VP for Public Safety and Security
Office of Safety and Security
90 Church St, New York, NY 10007
Tel. +1 (212) 306-4417
New York City Housing Authority | nyc.gov/nycha

*The NYCHA Journal, now available anytime, anywhere. Join the conversation.*

**From:** Powell, Tamika <Tamika.Powell@nycha.nyc.gov>
**Sent:** Tuesday, August 23, 2022 3:39 PM
**To:** Kiss, Daniel <Daniel.Kiss@nycha.nyc.gov>; Secreto, James <James.Secreto@nycha.nyc.gov>
**Cc:** Theodore, Kim <Kim.Theodore@nycha.nyc.gov>; Fitts, Toussaint <Toussaint.Fitts@nycha.nyc.gov>
**Subject:** RE: Fear in Forest Houses (URGENT)

Good afternoon Mr. Kiss,
Please see attached image where a slide bolt lock has been installed as per your instructions during our telephone conversation this morning.
When staff arrived to the apartment to install the locks Mr. Richardson came off the elevator and became irate, it was a good thing that police were there with staff due to being called in advance.
The police once again arrested Mr. Richardson.
Which leads me to 2 questions:
   1)  Is it possible that Mr. Richardson can be held on a charge like maybe breaking and entering, or damaging NYCHA's property being that he keeps breaking the locks?
   2)  Can now take back possession of this apartment? We have a Notice of intent to vacate from the actual
        It would be in the best interest of NYCHA staff and residents to clear out this apartment and get Mr. Richardson out of Forest Houses before someone gets hurt.
Please advise

**Tamika Powell**
Housing Manager
Forest | McKinley | Eagle Houses
1010 Trinity Ave, Bronx, NY 10456
Tel. +1 (718) 991-0300
Cel. +1 (646) 629-1595
Fax. +1 (718) 861-4393

1

New York City Housing Authority | nyc.gov/nycha

*The NYCHA Journal, now available anytime, anywhere. Join the conversation.*

**From:** Theodore, Kim <Kim.Theodore@nycha.nyc.gov>
**Sent:** Tuesday, August 9, 2022 12:11 PM
**To:** Powell, Tamika <Tamika.Powell@nycha.nyc.gov>; Fitts, Toussaint <Toussaint.Fitts@nycha.nyc.gov>
**Subject:** Fwd: Fear in Forest Houses (URGENT)

Fyi

**Kim Theodore**
Neighborhood Administrator
Bronx Property Management
1200 Waters Place, Bronx, NY 10461
Tel. +1 (718) 409-7548
Cel. +1 (929) 280-5735
Fax. +1 (718) 239-2068
New York City Housing Authority | nyc.gov/nycha

*The NYCHA Journal, now available anytime, anywhere. Join the conversation.*

——— Forwarded message ———
**From:** "Secreto, James" <James.Secreto@nycha.nyc.gov>
**Date:** Aug 8, 2022 11:27 PM
**Subject:** Fear in Forest Houses (URGENT)
**To:** "Theodore, Kim" <Kim.Theodore@nycha.nyc.gov>
**Cc:**

Got it! Will get PD Involved

Sent from Workspace ONE Boxer

**James Secreto**
VP for Public Safety and Security
Office of Safety and Security
90 Church St, New York, NY 10007
Tel. +1 (212) 306-4417
New York City Housing Authority | nyc.gov/nycha

*The NYCHA Journal, now available anytime, anywhere. Join the conversation.*

On Aug 8, 2022 5:50 PM, "Theodore, Kim" <Kim.Theodore@nycha.nyc.gov> wrote:

Mr. Secreto this is an un going issue in this development with this person in the photo above. He is illegally staying in apt 730 east 166th apt 3A. in Forest Houses. The tenant on record moved out and left the apartment because of fear of this person.
This man has set fires in front of a Resident door at apt 730 east 166th, apt 4A twice, the resident had to move to a shelter because she feared for her life. She is awaiting an emergency transfer.
He shot up the doors of 735 East 163st, apt 5C. The door has at least 5 bullet holes.

2

Today he started harassing the resident in 730 east 166th apt 2H. He broke her living room windows and kept throwing rocks in the apt. He pulled off the tenant's security camera and destroyed it. While maintenance was in this apt fixing the window this man started banging on the door with a hatchet. This tenant also fears for her life. The police was call today and seemed reluctant to investigate the tenant's apartment. no arrest has been made and the residents are now living in fear.

Can you please look into this matter. This individual is spreading fear throughout Forest houses to both residents and employees. The perpetrator name allegedly is Devin Richardson.

Residents has made several police reports

**Kim Theodore**
Neighborhood Administrator
Bronx Property Management
1200 Waters Place, Bronx, NY 10461
Tel. +1 (718) 409-7548
Cel. +1 (929) 280-5735
Fax. +1 (718) 239-2068
New York City Housing Authority | nyc.gov/nycha

*The NYCHA Journal, now available anytime, anywhere. Join the conversation.*

**From:** Fitts, Toussaint <Toussaint.Fitts@nycha.nyc.gov>
**Sent:** Monday, August 8, 2022 5:12 PM
**To:** Theodore, Kim <Kim.Theodore@nycha.nyc.gov>
**Subject:** FW: 4-3A, 4-4A

**Toussaint Fitts**
Superintendent
Forest | McKinley | Eagle Houses
1010 Trinity Ave, Bronx, NY 10456
Tel. +1 (718) 991-0300
Cel. +1 (929) 237-6749
New York City Housing Authority | nyc.gov/nycha

*The NYCHA Journal, now available anytime, anywhere. Join the conversation.*

**From:** Fitts, Toussaint
**Sent:** Monday, August 8, 2022 4:27 PM
**To:** Theodore, Kim <Kim.Theodore@nycha.nyc.gov>
**Cc:** Pagan, Edwin <Edwin.Pagan@nycha.nyc.gov>; Powell, Tamika <Tamika.Powell@nycha.nyc.gov>; Leyro, Samantha <Samantha.Leyro@nycha.nyc.gov>; Sherman, Jenelle <Jenelle.Sherman@nycha.nyc.gov>; Thomas, Kristi <Kristi.Thomas@nycha.nyc.gov>
**Subject:** FW: 4-3A, 4-4A

This is the situation with resident that broke the residents living room window in 2h. He is allegedly the one who shot up 13-5c amongst some other situations

**From:** Thomas, Kristi <Kristi.Thomas@nycha.nyc.gov>
**Sent:** Monday, August 8, 2022 4:19 PM

3

**To:** Fitts, Toussaint <Toussaint.Fitts@nycha.nyc.gov>
**Subject:** 4-3A, 4-4A

**Kristi Thomas**
Housing Assistant
Forest | McKinley | Eagle Houses
1010 Trinity Ave, Bronx, NY 10456
Tel. +1 (718) 991-0300
New York City Housing Authority | nyc.gov/nycha

*The NYCHA Journal, now available anytime, anywhere, Join the conversation.*

---

This e-mail and any subsequent e-mails in this thread and any included attachments are for the exclusive and confidential use of the intended recipient(s). If you received this e-mail in error, please do not read, distribute, or take action in reliance upon this e-mail. Instead, please notify the signatory above immediately by return e-mail and promptly delete this e-mail and any attachments from your computer system. Neither the New York City Housing Authority nor the signatory above waive attorney-client or attorney work-product privilege by the transmission of this e-mail and any attachments.

Please think of the environment before you print this e-mail

——Original Message——
From: Kristi.Thomas@nycha.nyc.gov <Kristi.Thomas@nycha.nyc.gov>
Sent: Monday, August 8, 2022 4:17 PM
To: Thomas, Kristi <Kristi.Thomas@nycha.nyc.gov>
Subject: Received scanned document from NYCHA

Do not reply to this msg. You have received a scanned attachment from NYCHA.

4

Exhibit E

CRIMINAL COURT OF THE CITY OF NEW YORK
BRONX COUNTY

THE PEOPLE OF THE STATE OF NEW YORK

v.

1.   DEVIN RICHARDSON M/41
     Arrest# B22632731


                        Defendant

STATE OF NEW YORK

COUNTY OF THE BRONX

PO HOLIKA ESPINAL of PSA 7,  Shield# 19482,  states that on or about September 19, 2022 at approximately 12:39 PM inside of 730 East 166 Street Apt# 3A,  County of the Bronx, State of New York,

THE DEFENDANT COMMITTED THE OFFENSES OF:
1 (M) P.L. 140.15(1)       Criminal Trespass 2^ DQO
2 (M) P.L. 140.10(e)       Criminal Trespass in the Third Degree DQO
3 (M) P.L. 140.10(f)       Criminal Trespass in the Third Degree DQO
4 (V) P.L. 140.05          Trespass

IN THAT THE DEFENDANT DID: knowingly enter or remain unlawfully in a dwelling; knowingly enters or remains unlawfully in a building or upon real property where the building is used as a public housing project in violation of conspicuously posted rules or regulations governing entry or use thereof; did knowingly enter or remain unlawfully in a building or upon real property where the building is used as a public housing project in violation of a personally communicated request to leave the premises from a housing police officer or other person in charge thereof and knowingly enter or remain unlawfully in or upon premises.

THE GROUNDS FOR THE DEPONENT'S BELIEF ARE AS FOLLOWS:

    Deponent states that, at the above time and place, a New York City Housing Authority building, deponent observed defendant inside a vacant apartment. Deponent further states that said location has conspicuously posted signs stating no trespassing inside the building or on the roof as well as a locked entrance door(s), and intercom/buzzer entry system.

    Deponent further states defendant stated in sum and substance: I LIVE HERE. NO I'M NOT ON THE LEASE, BUT I PAY RENT. Deponent further states deponent told defendant to leave the above-mentioned location and the defendant refused.

    Deponent further states that as a New York City Police Officer deponent is the lawful custodian of said location, and defendant did not have permission or authority to enter or remain in the vacant apartment of said location. Deponent


002786344

Page 1 of 2

Adequate Contact Information and Criminal History

- Tamika Powell, 1010 Trinity Avenue, Bronx, NY, No criminal history (Testifying)

- Ms. Sherman, 347-543-4864 (Testifying) (No criminal history)

- Airiale Brinson, 904-535-8447 (No criminal history) (Testifying)

- Timmie Brinson, 904-535-8447 (No criminal history) (Testifying)

- Isis Donaldson, 904-566-4437 (No criminal history) (Testifying)



# New York City Police Department
## Omniform System - Complaints

| Report Cmd: 807 | Jurisdiction: N.Y.C. HOUSING AUTHORITY | ICAD#: | Record Status: Incomplete, with Arrest | Public Omni NO | Complaint #: 2022-042-008427 | No Other Legacy Blue Versions | No Other Complaint Revisions |
|---|---|---|---|---|---|---|---|

| Occurrence INSIDE OF 730 EAST 166 Location: STREET APT: 3A | NYC Parks Dept. Property | Precinct: 042 |
|---|---|---|
| Name Of Premise: | Did this offense occur on NYC Parks Dept. Property? NO | Sector: D Beat: Post: |
| Premises Type: RESIDENCE - PUBLIC HOUSING | Command: | |
| Location Within Premise: | NYC Parks Dept. Property Name: | |
| Visible By Patrol?: YES | | |

| Occurrence From: 2022-09-19 12:39 MONDAY | Aided # |
|---|---|
| Occurrence thru: 2022-09-19    13:55 | Accident # |
| Reported: 2022-09-19    13:42 | O.C.C.B. # |
| Complaint Received: RADIO | |

| Classification: TRESSPASS / CRIM | Case Status: CLOSED |
|---|---|
| Attempted/Completed: COMPLETED | Unit Referred To: |
| Most Serious Offense Is: N/A | Clearance Code: PATROL |
| PD Code: 634 | Log/Case #: 0 |
| PL Section: 14010 | Clearance Arrest Id: |
| Keycode: 994 | Clearance AO Cmd: |
| | File #: |
| | Prints Requested? NO |

**OFFENSES:**

| Order | Offense Desc | Att/Cmplt | PDC Code | PDC Code Desc | PL Section | PL Description | IBR# | Class | Alleged Crime | Justified Crime | Criminal Activity |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PL 140 TRESPASS | COMPLETED | 203 | TRESPASS 3, CRIMINAL | PL 140.10 0E | CRIM TRESPASS 3RD: PUB HOUSING | 90J | Misdemeanor | | | |

| Confirmed Shots Fired? NO |
|---|

| Possible Hate Crime ? NO |
|---|

| Is This Related To Stop And Frisk Report NO | SQF Number: 0000-000-00000 | Was The Victim's Personal Information Taken Or Possessed? NO | Was The Victim's Personal Information Used To Commit A Crime? NO |
|---|---|---|---|

| Gang Related? NO | Detective Borough Wheel Log #: | Name Of Gang: | Child Abuse Suspected? NO |
|---|---|---|---|

| DIR Required? NO | Child In Common? NO | Intimate Relationship? NO | Officer Body Worn Camera: |
|---|---|---|---|

| If Burglary: | Alarm: | If Arson: | Taxi Robbery: |
|---|---|---|---|
| Forced Entry? | Bypassed? | Structure: | Partition Present: |
| Structure: | Comp Responded?: | Occupied?: | Amber Stress Light Activated: |
| Entry Method: | Company Name/Phone: | Damage by: | Method of Conveyance: |
| Entry Location: | - - | | Location of Pickup: |
| | Crime Prevention Survey Requested?: | | |
| | Complaint/Reporter Present?: | | |

| Supervisor On Scene - Rank / Name / Command : LT HOOP 807 | Canvas Conducted: NO | Translator(if used): |
|---|---|---|

**NARRATIVE:**
AT TPO ABOVE PERP KNOWINGLY ENTERED AND REMAINED UNLAWFULLY IN ABOVE LISTED BUILDING, IGNORING CLEAR AND UNOBSTRUCTED NO TRESPASS WARNING SIGNS. PERP WAS ASKED TO LEAVE MULTIPLE TIMES BY PD AND PERP REFUSED. PERP DOES NOT LIVE IN APARTMENT, ALSO VERFIIED THAT PERP IS NOT ON THE LEASE. APARTMENT IS SUPPOSED TO BE VACANT AS PER NYCHA.

## No NYC Department of Education Data for Complaint # 2022-042-008427

| | | | | | |
|---|---|---|---|---|---|
| HOME-PERMANENT | 730 EAST 166 STREET BRONX NEW YORK | 3A | 042 |
| PREFERRED | 730 EAST 166 STREET BRONX NEW YORK | 3A | 042 |

Phone # and E-Mail Address:
**HOME: NONE**
**CELL: 718-913-1081**
**BUSINESS:NONE**
**E-MAIL: NONE**

N.Y.C.H.A. Resident: **YES**     N.Y.C. Housing Employee: **NO** On Duty: **NO**
    Development: **FOREST**   N.Y.C. Transit Employee: **NO**

Physical Force:**NONE**

| | | | |
|---|---|---|---|
| | Gun: | | |
| Weapon Used/Possessed: **NONE** | Make: | Recovered: |
| Non-Firearm Weapon: | Color: | Serial Number Defaced: |
| Other Weapon Description. | Caliber: | Serial Number: |
| | Type: | |
| | Discharged: **NO** | |

Used Transit System: **NO**
    Station Entered:
    Time Entered:
    Metro Card Type:
Metro Card Used/Poses:
    Card #:

| CRIME DATA | DETAILS |
|---|---|
| **STATEMENTS MADE** | **I LIVE HERE NO IM NOT ON THE LEAE BUT I PAY RENT** |
| **METHOD OF FLIGHT** | **ARRESTED** |
| **MODUS OPERANDI** | **UNKNOWN** |
| **MODUS OPERANDI** | **TRESPASS** |
| **ACTIONS TOWARD VICTIM** UNK | |
| **CLOTHING** | **ACCESSORIES - SHORTS - BLACK** |
| **CLOTHING** | **FOOTWEAR - SANDALS - BLACK** |
| **CLOTHING** | **OUTERWEAR - T-SHIRT OR TANK TOP - WHITE** |
| **CLOTHING** | **HEADGEAR - UNK - UNKNOWN COLOR** |
| **CHARACTERISTICS** | **UNKNOWN** |
| **BODY MARKS** | **NECK -TATTOO WITH PICTURE ONLY - DESCRIBE:FLAME** |
| **BODY MARKS** | **ARM -TATTOO WITH PICTURE ONLY - DESCRIBE:STAR** |
| **IMPERSONATION** | **UNKNOWN** |

| JUVENILE DATA: | Arrest #: **B22632731** |
|---|---|

Relative Notified:  Personal Recog:
Number Of Priors: **0**     Name:
School Attending:     Phone Called:
Mother's Maiden Name:     Time Notified:

| ASSOCIATED ARRESTS: | Arrest #: **B22632731** |
|---|---|

ARREST ID COMPLAINT #

## No Vehicles for Arrest #

| DEFENDANTS CALLS: | Arrest #: **B22632731** |
|---|---|

| CALL # | NUMBER DIALED | NAME - PROVIDED BY DEFENDANT | NAME AS LISTED IN CELL PHONE | RELATIONSHIP | CALL COMPLETED |
|---|---|---|---|---|---|
| 1 | - - | REFUSED,REFUSED | REFUSED | | NO |

| INVOICES: | Arrest #: **B22632731** |
|---|---|

INVOICE# COMMAND PROPERTY TYPE VALUE

| ARREST RULES: | Arrest #: **B22632731** |
|---|---|

ORIGINAL ARREST PROCESSING TYP : O
**OFFENCE DATE : 09/19/2022**
**AGE AT TIME OF OCCURRENCE : 41**
**AGE BAND : C_RTA_2019**
**JUV. OFFENDER CHARGE : , IS JUV .OFFENDER : FALSE**
**JUV. DELINQUENT CHARGE : , IS JUV.DELINQUENT : FALSE**
**JUV. ADOLESCENT CHARGE : , IS ADOLESCENT : FALSE**

| ARRESTING OFFICER: POF HOLIKA S ESPINAL | Arrest #: **B22632731** |
|---|---|

| Tax Number: 962382 | On Duty: YES | Force Used: **NO - No Force Used by any MOS** |
|---|---|---|

| Other ID (non-NYPD): **0** | | | In Uniform: **YES** | | | Type: |
| Shield: **19482** | | | Squad: **DV** | | | Reason: |
| Department: **NYPD** | | | Chart: **34** | | | Officer Injured: **NO** |
| Command: **807** | | | Primary Assignment: **OTHER UNIFORM** | | | Officer Body Worn Camera: **YES** |
| | | | | | | TRI **Number: 0000-000-00000 Suffix: 0** |

| **Assisting Officer:** SANCHEZ, KEILA E | Department: **NYPD** | Command: **807** | Tax Number: **965502** | Other ID (non-NYPD): **0** | Body Worn Camera: **YES** | TRI Number: 0000-000-00000 Suffix: 0 | Force Used: **NO - No Force Used** by any MOS Type: Reason: |
|---|---|---|---|---|---|---|---|
| Arresting Officer Name: **POF ESPINAL, HOLIKA S** | | | | Tax #: **962382** | Command: **807** | | Agency: **NYPD** |
| Supervisor Approving: **SGT FLORES GELLISO** | | | | Tax #: **948973** | Command: **807** | | Agency: **NYCHA** |
| Report Entered by: **POM NOEL, RAY** | | | | Tax #: **971583** | Command: **807** | | Agency: **NYPD** |

**END OF ARREST REPORT**
**B22632731**

Print this Report

**NYCHA BUILDING TRESPASS CRIMES—**
**FACT SHEET AND SUPPORTING DEPOSITION**
PD 351-145 (10-20)

NOTE: This form must be compiled by the officer who made the observations that led to the defendant's arrest.

Defendant's Name: Richardson, Devin    Arrest No.: B-22632731-Q

I, PO Espinal _____, Shield No. 19482, a New York City Police Officer/Detective assigned to the PSA7 (command), deposes and swears as follows:

On 9|19|22 (date), at 1335 (time), at 730 E 166 St APt 3A (location), while on patrol inside this New York City Housing Authority (NYCHA) building Forrest (Development Name)

I observed the defendant inside this location as described below.

1. ☐ I observed the defendant trespass inside a New York City Housing Authority building. I am a member of the New York City Police Department and as such I am an agent of this dwelling and defendant did not have permission and authority to enter or remain in the area where defendant was found.

2. At this time, a sign stating in substance:
   ☐ No trespassing    ☐ Tenants and their guests only
   ☐ No loitering    ☐ Anyone who remains unlawfully upon these premises will be prosecuted
   ☐ Other: _____

   was posted at/on (indicate location of sign) _____

   If the defendant was arrested for presence in a restricted area (e.g. the roof), was there a conspicuously posted sign at that location that prohibited entry in that specific restricted area? ☐ Yes ☐ No

   If yes, where was that sign? _____

3. I ☐ DID ☒ DID NOT observe the defendant entering the NYCHA building. If you did:

   a) How did the defendant gain access to the building? _____

   b) Did you observe the door to be locked? ☒ Yes ☐ No

4. How long did you observe the defendant before you approached? _____

5. Where was the defendant when first approached?
   ☐ Lobby  ☐ Stairwell  ☐ Roof  ☐ Roof Landing    ☐ Basement  ☐ Hallway
   ☐ Outdoors (describe) _____  ☒ Other Apartment

6. Describe the factors that led you to approach and question the defendant:
   911 Call by NYCHA
   _____
   _____
   _____

7. Was the defendant asked any of the following questions? If yes, please provide the substance of the defendant's response(s) below. *
   a) Do you live in the building? ☒ Yes  ☐ No  If asked, response: Yes
   b) Do you have identification? ☐ Yes  ☐ No  If asked, response: _____
   c) Are you visiting someone in the building? ☐ Yes  ☒ No  If asked, response: _____
   d) Did the defendant provide a name of the person he or she was visiting? ☐ Yes  ☒ No  If yes, response:
   e) Did the defendant provide an apartment number? ☐ Yes  ☐ No  If yes, Apt. No. _____
   If yes, did you go to the apartment the defendant indicated? ☐ Yes  ☐ No  If yes, what happened?
   _____
   _____
   _____

   * CPL § 710.30 notice is served for defendant's statement(s) which was/were made at or about the time of the above incident

page 1 of 2

f) Do you have business in the building? ☒Yes ☐ No  If asked, response: _I live here_

g) Did the defendant make any other statements not indicated in No. 7(a) – 7(f) above? ☐ Yes  ☐ No   If yes, the defendant also stated in substance: _____

_____

_____

NOTE: If you were unable to verify that the defendant was a tenant or an authorized guest, did you direct the defendant to leave before the arrest?   ☒Yes ☐ No

8. The statements provided in No. 7 were made at approximately _1830_ (time) at _730 E 166 St_ _Apt 3A_ (location) on _9/14/2022_ (date).
I was present for the statements provided in No. 7 above. ☒ Yes  ☐ No   If you were not present, provide the information of at least one officer who was present for such statements:

Rank/Name _____ Shield No. _____ Tax No. _____

9. Were there any other facts beyond the statements listed in No. 7 that caused you to believe that the defendant was not a tenant, guest, or on business in the building prior to arrest?

_____

10. Was arrest evidence or contraband recovered from the defendant? ☐ Yes  ☒No
a) If yes, describe the evidence and EXACTLY where the evidence was recovered. If it was recovered from the defendant's person indicate where on their person:

_____

b) Did you recover the evidence? ☐ Yes ☒ No. If no, did you observe the recovery of the evidence? ☐ Yes ☐ No
c) Indicate officer who recovered evidence:

Rank/Name _____ Shield No. _____ Tax No. _____
d) Describe WHEN the evidence was recovered (e.g. before the arrest, during a frisk, incident to arrest):

_____

e) At what location was the evidence recovered (e.g. at the scene, in the precinct/command)
_N/A_

False statements made herein by Deponent are punishable as a class A misdemeanor pursuant to section 210.45 of the Penal Law.

| Deponent/Officer's Signature PO Hodiller Espinal | Date 9/19/22 | |
| Print Rank/Full Name PO Espinal, H | Tax No. 962382 | Command PSA7 |
| Verification by Desk Officer: | | |
| Desk Officer's Signature | Date 9/19/22 | |
| Print Rank/Full Name SGT. Flores, Cellison | Tax No. 948975 | Command PO7 |

page 2 of 2



# New York City Police Department
## Omniform System - Arrests

| *RECORD STATUS: NYSID ENTERED* | Arrest ID: B22632731 - P |
|---|---|
| Arrest Location: INSIDE OF 730 EAST 166 STREET APT: 3A | Pct: 042 |

**Arrest Date: 09-19-2022**  Processing Type: **ON LINE**    Current Location of Perpetrator:

**Time: 13:55:00**   DCJS Fax Number: **BO025266**    Borough: **Bronx**

Sector: **D**    Special Event Code: **NO - NOT APPLICABLE**    Type: **ALL PD LOCATIONS**

Strip Search Conducted: **NO**    DAT Number:    Location: **POLICE SERVICE AREA 7**

Viper Initiated Arrest: **NO**    ICAD#

Stop And Frisk: **NO**    Return Date: **0000-00-00**

Serial #: **0000-000-00000**

**DAT Declined Reason(s):**

**Disqualified Recidivist**

| COMPLAINTS: | | Arrest #: B22632731 |
|---|---|---|

| COMPLAINT NUMBER | REPORT DATE | RECORD STATUS | OCCUR DATE | OCCUR TIME |
|---|---|---|---|---|
| 2022-042-08427 | 2022-09-19 | Incomplete, with Arrest | 2022-09-19 | 12:39 |

| CHARGES: | Arrest #: B22632731 |
|---|---|

| CHARGE | ATTEMPT? | LAW CODE | CLASS | TYPE | COUNTS | DESCRIPTION |
|---|---|---|---|---|---|---|
| TOP | No | PL 140.10 0F | M | B | 1 | CRIM TRESPASS 3RD:PUB HOUSING |

| How Arrest came about: | | # Injuries: 00 | # Fatalities: 00 | Test Given: | | Reason Vehicle Not Forfeit: | |
|---|---|---|---|---|---|---|---|
| Blood Specimen Taken: | Blood Specimen Refused: | Urine Specimen Taken: | Urine Specimen Refused: | Oral Fluid Specimen Taken: | Oral Fluid Specimen Refused: | Breath Sample Refused: | Breath Sample Reading: | BrAC: 0.0 |
| Role: IDTU Technician | Department: NYPD | Tax: 0 | Command: | Shield: 0 | Rank: | Last Name: | First Name: | MI: | IDTU/Blood Case No: |
| Role: Point Person | Department: | Tax: | Command: | Shield: | Rank: | Last Name: | First Name: | MI: |
| Role: Supv in Charge of Checkpoint | Department: | Tax: | Command: | Shield: | Rank: | Last Name: | First Name: | MI: |

| DETAILS: | Arrest #: B22632731 |
|---|---|

Was the defendant recording police-related activity at time of arrest?
**UNKNOWN**

AT TPO ABOVE PERP WITH KNOWINGLY ENTERED AND REMAINED UNLAWFULLY IN ABOVE LISTED BUILDING IGNORING CLEAR AND UNOBSTRUCTED NO TRESPASSING WARNING SIGNS. PERP WAS ASKED TO LEAVE MULTIPLE TIMES BY PD AND PERP REFUSED. PERP DOES NOT LIVE IN APARTMENT. ALSO VERIFIED THAT PERP IS NOT ON THE LEASE. APARTMENT IS SUPPOSED TO BE VACANT AS PER NYCHA. NYCHA ALSO STATED HE DOES NOT PAY RENT THERE. NO WEAPONS NO INJURIES. INCIDENT OCCURRED FOREST HOUSES.

## DEFENDANT: RICHARDSON, DEVIN

NYSID #: **09057635J**    Arrest #: **B22632731**

Nick/AKA/Maiden:    Height: **5FT 6IN**    Order Of Protection: **NO**

Sex: **MALE**    Weight: **180**    Issuing Court:

Race: **BLACK**    Eye Color: **BROWN**    Docket #:

Age: **41**    Hair Color: **BLACK**    Expiration Date:

Date Of Birth: **07/09/1981**    Hair Length: **SHORT**    Relation to Victim: **STRANGER**

U.S. Citizen: **YES**    Hair Style: **CAESAR**    Living together: **NO**

Place Of Birth: **USA**    Skin Tone: **DARK**    Can be Identified: **YES**

Is this person not Proficient in English?: **NO**    Complexion: **CLEAR**    Veteran: **NO**

If Yes, Indicate Language:

Accent: **NO**    Soc.Security #:

Occupation: **OTHER**    Suspected Gang Member: **NO**

Identification ID:    Name:

Identification #:    Reason for Suspected Gang Member Designation:

Physical Condition: **APPARENTLY NORMAL**    Lic/Permit Type:

Drug Used: **NONE**    Lic/Permit No.:

| LOCATION | ADDRESS | CITY | STATE/CNTRY | ZIP | APT/ROOM | PCT |
|---|---|---|---|---|---|---|

**No NYC TRANSIT Data for Complaint # 2022-042-008427**

| N.Y.C.H.A: | Complaint # 2022-042-008427 | | | |
|---|---|---|---|---|
| Development Name:<br>FOREST | Housing Report #:<br>UNKNOWN | PSA #:<br>7 | Field Report Prepared:<br>NO | Field Report Number: |

| Total Victims:<br>1 | Total Witnesses:<br>0 | Total Reporters:<br>0 | Total Wanted:<br>0 |
|---|---|---|---|

| *VICTIM: # 1 of 1* | Name:<br>NYCHA,UNKNOWN ONE | Complaint#:<br>2022-042-008427 |
|---|---|---|

| | |
|---|---|
| Nick/AKA/Maiden:<br>UMOS: NO<br>Sex/Type: MALE / INDIVIDUAL<br>Race: UNKNOWN<br>Age: 0<br>Date Of Birth: UNKNOWN<br>Disabled? NO<br>Is this person not Proficient in English?:<br>If Yes, Indicate Language:<br>N.Y.C.H.A Resident? YES<br>Is Victim fearful for their safety / life? NO<br>Escalating violence / abuse by suspect? NO<br>Were prior DIR's prepared for C/V? NO | Suspected Gang Member: NO<br>Name:<br>Reason for Suspected Gang Member Designation:<br><br>Will View Photo: YES<br>Will Prosecute: YES<br>Notified Of Crime<br>Victim Comp. Law: YES<br><br>Other MOS Agency:<br>Type of Officer<br>Activity/Circumstances:<br>Officer Assignment Type:<br>Level of Injury: NOT INJURED<br>Type of Injury: NONE<br>Medical Treatment: NOT APPLICABLE |

| LOCATION | ADDRESS | CITY | STATE/COUNTRY | ZIP | APT/ROOM |
|---|---|---|---|---|---|
| HOME-PERMANENT | 730 EAST 166 STREET | BRONX | NEW YORK | | 3A |

Phone #: HOME: Not Provided/Unavailable CELL: 718-913-1081 BUSINESS:Not Provided/Unavailable BEEPER: Not Provided/Unavailable E-MAIL: Not Provided/Unavailable

| Victim was: | Shot<br>NO | Stabbed<br>NO | Slashed<br>NO |
|---|---|---|---|

| Actions Of Victim Prior To Incident:<br>N/A |
|---|

| Victim Of Similar Incident:<br>YES | If Yes, When And Where<br>SAME LOCATION |
|---|---|

**No Witnesses for Complaint # 2022-042-008427**

**No Reporters for Complaint # 2022-042-008427**

**No Wanteds for Complaint # 2022-042-008427**

| ARRESTS: | Complaint # 2022-042-008427 |
|---|---|

| Arrest ID | Status | Defendant Name | Sex | Race | Age | Arrest Date |
|---|---|---|---|---|---|---|
| B22632731 | ACTIVE | RICHARDSON, DEVIN | MALE | BLACK | 41 | 09/19/2022 |

**No Property Data for Complaint # 2022-042-008427**

**No Evidence Data for Complaint # 2022-042-008427**

**No IMEI Data for Complaint # 2022-042-008427**

**No Vehicles for Complaint # 2022-042-008427**

| NOTIFICATIONS / ADDITIONAL COPIES: | Complaint # 2022-042-008427 |
|---|---|
| No Notifications | No Additional Copies |

| Reporting/Investigating M.O.S. Name:<br>POF ESPINAL HOLIKA | Tax #:<br>962382 | Command:<br>PSA 7 | Rep.Agency:<br>NYPD |
|---|---|---|---|
| Supervisor Approving Name:<br>SGT FLORES GELLISON | Tax #:<br>948973 | Command:<br>PSA 7 | Rep.Agency:<br>NYPD |
| Complaint Report Entered By:<br>POM NOEL | Tax #:<br>971583 | Command:<br>PSA 7 | Rep.Agency:<br>NYPD |
| Signoff Supervisor Name: | Tax #:<br>000000 | Command: | Rep.Agency: |

| END OF COMPLAINT REPORT<br># 2022-042-008427 |
|---|

***** Trespass *****

**TPO: 9/19/2022; 12:39pm; Inside 730 E 166 St apt 3A**
**TPA: SAA at 1:55pm**

**At TPO, responding to a trespass at the above location, AO knocked on the door of the above location, in which D opened the door. AO further asked D if he lived at the above location and if D was on the lease.**

**D stated in S&S: I LIVE HERE. NO I'M NOT ON THE LEASE, BUT I PAY RENT.**

**AO is informed by NYCHA that the D is not on the lease and that the apartment is vacant.**



further state deponent is informed by New York City Housing Authority that
defendant is required to be on the lease in order to dwell at the above
mentioned location.

FALSE STATEMENTS MADE HEREIN ARE PUNISHABLE
AS A CLASS A MISDEMEANOR PURSUANT TO P.L. 210.45

9/19/22  2008
DATE and TIME                    SIGNATURE

Exhibit F

CRIMINAL COURT OF THE CITY OF NEW YORK
BRONX COUNTY

THE PEOPLE OF THE STATE OF NEW YORK

v.

1.  DEVIN RICHARDSON M/41
    Arrest# B22634573


                    Defendant

STATE OF NEW YORK

COUNTY OF THE BRONX

PO HUSAMEDIN UMER of PSA 7,  Shield# 7309,  states that on or about October 4, 2022 at approximately 12:02 PM inside of 730 East 166 Street Apt# 3A,  County of the Bronx, State of New York,

THE DEFENDANT COMMITTED THE OFFENSES OF:
1 (M) P.L. 140.15(1)       Criminal Trespass 2^ DQO
2 (M) P.L. 140.10(e)       Criminal Trespass in the Third Degree DQO
3 (M) P.L. 140.10(f)       Criminal Trespass in the Third Degree DQO
4 (V) P.L. 140.05          Trespass

IN THAT THE DEFENDANT DID: knowingly enter or remain unlawfully in a dwelling; knowingly enters or remains unlawfully in a building or upon real property where the building is used as a public housing project in violation of conspicuously posted rules or regulations governing entry or use thereof; did knowingly enter or remain unlawfully in a building or upon real property where the building is used as a public housing project in violation of a personally communicated request to leave the premises from a housing police officer or other person in charge thereof and knowingly enter or remain unlawfully in or upon premises.

THE GROUNDS FOR THE DEPONENT'S BELIEF ARE AS FOLLOWS:

Deponent states that, at the above time and place, a New York City Housing Authority building, deponent observed defendant inside a vacant apartment. Deponent further states that said location has conspicuously posted signs stating no trespassing inside the building or on the roof as well as a locked entrance door(s), and intercom/buzzer entry system.

Deponent further states defendant stated in sum and substance: I LIVE HERE. I GET MAIL HERE.  Deponent further states deponent told defendant to leave the above-mentioned location and the defendant refused.

Deponent further states that as a New York City Police Officer deponent is the lawful custodian of said location, and defendant did not have permission or authority to enter or remain in the vacant apartment of said location. Deponent



002788524

further state deponent is informed by New York City Housing Authority that
defendant is required to be on the lease in order to dwell at the above-
mentioned location.

FALSE STATEMENTS MADE HEREIN ARE PUNISHABLE
AS A CLASS A MISDEMEANOR PURSUANT TO P.L. 210.45

10|04|2022   0703pm        PO
_____        _____
DATE and TIME                      SIGNATURE

002788524

Page 2 of 2



# New York City Police Department
## Omniform System - Arrests

| **RECORD STATUS: NYSID ENTERED** | Arrest ID: B22634573 - M |
|---|---|
| **Arrest Location: INSIDE OF 730 EAST 166 STREET APT: 3A** | Pct: 042 |

| **Arrest Date: 10-04-2022** | Processing Type: ON LINE | Current Location of Perpetrator: | |
|---|---|---|---|
| **Time: 12:02:00** | DCJS Fax Number: BO026639 | Borough: **Bronx** | |
| Sector: **D** | Special Event Code: **NO - NOT APPLICABLE** | Type: **ALL PD LOCATIONS** | |
| Strip Search Conducted: **NO** | DAT Number: | Location: **POLICE SERVICE AREA 7** | |
| Viper Initiated Arrest: **NO** | ICAD# | | |
| Stop And Frisk: **NO** | Return Date: 0000-00-00 | | |
| Serial #: **0000-000-00000** | | | |

**DAT Declined Reason(s):**

Known Criminal Absconder

| COMPLAINTS: | | Arrest #: **B22634573** |
|---|---|---|

| COMPLAINT NUMBER | REPORT DATE | RECORD STATUS | OCCUR DATE | OCCUR TIME |
|---|---|---|---|---|
| **2022-042-08893** | 2022-10-04 | Ready for Signoff, with Arrest | 2022-09-14 | 00:01 |

| CHARGES: | Arrest #: **B22634573** |
|---|---|

| CHARGE | ATTEMPT? | LAW CODE | CLASS | TYPE | COUNTS | DESCRIPTION |
|---|---|---|---|---|---|---|
| TOP | No | PL 140.10 0E | M | B | 1 | CRIM TRESPASS 3RD: PUB HOUSING |

| How Arrest came about: | | # Injuries: 00 | | # Fatalities: 00 | Test Given: | | Reason Vehicle Not Forfeit: |
|---|---|---|---|---|---|---|---|
| Blood Specimen Taken: | Blood Specimen Refused: | Urine Specimen Taken: | Urine Specimen Refused: | Oral Fluid Specimen Taken: | Oral Fluid Specimen Refused: | Breath Sample Refused: | Breath Sample Reading: | BrAC: 0.0 |
| Role: IDTU Technician | Department: NYPD | Tax: 0 | Command: | Shield: 0 | Rank: | Last Name: | First Name: | MI: | IDTU/Blood Case No: |
| Role: Point Person | Department: | Tax: | Command: | Shield: | Rank: | Last Name: | First Name: | MI: |
| Role: Supv in Charge of Checkpoint | Department: | Tax: | Command: | Shield: | Rank: | Last Name: | First Name: | MI: |

| DETAILS: | Arrest #: **B22634573** |
|---|---|

Was the defendant recording police-related activity at time of arrest?
NO

AT TPO DEFENDANT KNOWINGLY ENTERED AND REMAINED UNLAWFULLY IN ABOVE LISTED BUILDING, IGNORING CLEAR AND UNOBSTRUCTED NO TRESPASSING WARNING SIGNS. DEFENDANT WAS ASKED TO LEAVE MULTIPLE TIMES BY PD IN THE PAST AND DEFENDANT REFUSED. DEFENDANT DOES NOT LIVE IN APARTMENT. ALSO VERIFIED THAT DEFENDANT IS NOT ON THE LEASE. APARTMENT IS SUPPOSED TO BE VACANT AS PER NYCHA

| **DEFENDANT: RICHARDSON, DEVIN** | | NYSID #: **09057635J** | Arrest #: **B22634573** |
|---|---|---|---|

| | | |
|---|---|---|
| Nick/AKA/Maiden: | Height: **5FT 6IN** | Order Of Protection: **NO** |
| Sex: **MALE** | Weight: **180** | Issuing Court: |
| Race: **BLACK** | Eye Color: **BROWN** | Docket #: |
| Age: **41** | Hair Color: **BLACK** | Expiration Date: |
| Date Of Birth: **07/09/1981** | Hair Length: **SHORT** | Relation to Victim: **NO RELATIONSHIP** |
| U.S. Citizen: **YES** | Hair Style: **CAESAR** | Living together: **NO** |
| Place Of Birth: **NEW YORK** | Skin Tone: **DARK** | Can be Identified: **YES** |
| Is this person not Proficient in English?: **NO** | Complexion: **CLEAR** | Veteran: **NO** |
| If Yes, Indicate Language: | | |
| Accent: **NO** | Soc.Security #: | |
| | Occupation: **NONE** | |
| Identification ID: **Other** | | Suspected Gang Member: **NO** |
| Identification #: **09057635J** | | Name: |
| Physical Condition: **APPARENTLY NORMAL** | Lic/Permit Type: | Reason for Suspected Gang Member Designation: |
| Drug Used: **NONE** | Lic/Permit No: | |

| LOCATION | ADDRESS | CITY | STATE/CNTRY | ZIP | APT/ROOM | PCT |
|---|---|---|---|---|---|---|

| N.Y.C.H.A: | Complaint # 2022-042-008893 | | |
|---|---|---|---|
| Development Name:<br>FOREST | Housing Report #:<br>NA | PSA #:<br>7 | Field Report Prepared:<br>NO | Field Report Number: |

| Total Victims:<br>1 | Total Witnesses:<br>0 | Total Reporters:<br>1 | Total Wanted:<br>0 |
|---|---|---|---|

## VICTIM: # 1 of 1

| | Name:<br>NYCHA | Complaint#:<br>2022-042-008893 |
|---|---|---|

Nick/AKA/Maiden:
UMOS:
Sex/Type: / BUSINESS
Race: UNKNOWN
Age: 0
Date Of Birth: UNKNOWN
Disabled? NO
Is this person not Proficient in English?:
If Yes, Indicate Language:
N.Y.C.H.A Resident?
Is Victim fearful for their safety / life? YES
Escalating violence / abuse by suspect? NO
Were prior DIR's prepared for C/V? NO

Suspected Gang Member: NO
Name:
Reason for Suspected Gang Member Designation:

Will View Photo: YES
Will Prosecute: YES
Notified Of Crime Victim Comp. Law: NO

| LOCATION ADDRESS | CITY | STATE/COUNTRY ZIP APT/ROOM |
|---|---|---|
| BUSINESS 730 EAST 166 STREET BRONX | NEW YORK | MGMT |

Phone #: HOME: Not Provided/Unavailable CELL: Not Provided/Unavailable BUSINESS:718-991-0300 BEEPER: Not Provided/Unavailable E-MAIL: Not Provided/Unavailable

| Victim was: | Shot<br>NO | Stabbed<br>NO | Slashed<br>NO |
|---|---|---|---|

Actions Of Victim Prior To Incident:
IN THE OFFICE

| Victim Of Similar Incident:<br>NO | If Yes, When And Where |
|---|---|

## REPORTER: # 1 of 1

| | Name:<br>POWELL,TAMIKA | Complaint #:<br>2022-042-008893 |
|---|---|---|

Nick/AKA/Maiden:
Sex/Type: FEMALE
Race: BLACK
Age: 000
Date Of Birth:
Is this person not Proficient in English?: NO
If Yes, Indicate Language:

Suspected Gang Member: NO
Name:
Reason for Suspected Gang Member Designation:

Relationship To Victim: EMPLOYEE

| Location | Address | City | State/Country Zip Apt/Room |
|---|---|---|---|
| HOME-PERMANENT 730 EAST 166 STREET BRONX | | NEW YORK | MGMT |

Phone #: HOME: - - CELL: - - BUSINESS: - - BEEPER: - - E-MAIL:

| ARRESTS: | Complaint # 2022-042-008893 |
|---|---|

| Arrest ID | Status | Defendant Name | Sex | Race | Age | Arrest Date |
|---|---|---|---|---|---|---|
| B22634573 | ACTIVE | RICHARDSON, DEVIN | MALE | BLACK | 41 | 10/04/2022 |

## No IMEI Data for Complaint # 2022-042-008893

| SCRATCH COPY: | Complaint # 2022-042-008893 |
|---|---|

| 1 |  | Description<br>1664905133011_1664905133011_.pdf |
|---|---|---|

1664905133011_1664905133011_.pdf

| Reporting/Investigating M.O.S. Name:<br>POM UMER HUSAMEDIN | Tax #:<br>963786 | Command:<br>PSA 7 | Rep.Agency:<br>NYPD |
|---|---|---|---|
| Supervisor Approving Name:<br>SGT BRITO MICHAEL | Tax #:<br>941458 | Command:<br>PSA 7 | Rep.Agency:<br>NYPD |
| Complaint Report Entered By:<br>POM UMER | Tax #:<br>963786 | Command:<br>PSA 7 | Rep.Agency:<br>NYPD |
| Signoff Supervisor Name: | Tax #:<br>000000 | Command: | Rep.Agency: |

**END OF COMPLAINT REPORT**
**# 2022-042-008893**



# New York City Police Department
## Omniform System - Complaints

| Report Cmd: 807 | Jurisdiction: N.Y.C. HOUSING AUTHORITY | ICAD#: D22100409601 | Record Status: Ready for Signoff, with Arrest | Public Omni NO | Complaint #: 2022-042-008893 | No Other Legacy Blue Versions | No Other Complaint Revisions |
|---|---|---|---|---|---|---|---|

| Occurrence Location: **INSIDE OF 730 EAST 166 STREET APT: 3A** | NYC Parks Dept. Property | Precinct: 042 |
|---|---|---|
| Name Of Premise: FOREST HOUSES | Did this offense occur on NYC Parks Dept. Property? NO | Sector: D |
| Premises Type: RESIDENCE - PUBLIC HOUSING | Command: | Beat: |
| Location Within Premise: APARTMENT | NYC Parks Dept. Property Name: | Post: |
| Visible By Patrol?: NO | | |

| Occurrence From: **2022-09-14 00:01 WEDNESDAY** | Aided # |
|---|---|
| Occurrence thru: 2022-10-04    11:30 | Accident # |
| Reported: 2022-10-04    12:00 | O.C.C.B. # |
| Complaint Received: PHONE | |

| Classification: **CRIM TRESPASS** | Case Status: **CLOSED** |
|---|---|
| Attempted/Completed: COMPLETED | Unit Referred To: |
| Most Serious Offense Is: N/A | Clearance Code: PATROL |
| PD Code: 634 | Log/Case #: 0 |
| PL Section: 14010 | Clearance Arrest Id: |
| Keycode: 994 | Clearance AO Cmd: |
| | File #: |
| | Prints Requested? NO |

**OFFENSES:**

| Order | Offense Desc | Att/Cmplt | PDC Code | PDC Code Desc | PL Section | PL Description | IBR# | Class | Alleged Crime | Justified Crime | Criminal Activity |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PL 140 TRESPASS | COMPLETED | 203 | TRESPASS 3, CRIMINAL | PL 140.10 0E | CRIM TRESPASS 3RD PUB HOUSING | 90J | Misdemeanor | | | |

**Confirmed Shots Fired?**
NO

**Possible Hate Crime ?**
NO

| Is This Related To Stop And Frisk Report NO | SQF Number: 0000-000-00000 | Was The Victim's Personal Information Taken Or Possessed? NO | Was The Victim's Personal Information Used To Commit A Crime? NO |
|---|---|---|---|
| Gang Related? NO | Detective Borough Wheel Log #: | Name Of Gang: | Child Abuse Suspected? NO |
| DIR Required? NO | | Child in Common? NO | Intimate Relationship? NO | Officer Body Worn Camera: YES |

| If Burglary: | Alarm: | If Arson: | Taxi Robbery: |
|---|---|---|---|
| Forced Entry? | Bypassed? | Structure: | Partition Present: NO |
| Structure: | Comp Responded? | Occupied?: | Amber Stress Light Activated: NO |
| Entry Method: | Company Name/Phone: | Damage by: | Method of Conveyance: |
| Entry Location: | - - | | Location of Pickup: |
| | Crime Prevention Survey Requested?: | | |
| | Complaint/Reporter Present?: | | |

| Supervisor On Scene - Rank / Name / Command : LT HOOP 807 | Canvas Conducted: NO | Translator(if used): |
|---|---|---|

**NARRATIVE:**
AT TPO DEFENDANT KNOWINGLY ENTERED AND REMAINED UNLAWFULLY IN ABOVE LISTED BUILDING, IGNORING CLEAR AND UNOBSTRUCTED NO TRESPASSING WARNING SIGNS. DEFENDANT WAS ASKED TO LEAVE MULTIPLE TIMES BY PD IN THE PAST AND DEFENDANT REFUSED. DEFENDANT DOES NOT LIVE IN APARTMENT. ALSO VERIFIED THAT DEFENDANT IS NOT ON THE LEASE. APARTMENT IS SUPPOSED TO BE VACANT AS PER NYCHA

## No NYC TRANSIT Data for Complaint # 2022-042-008893

| HOME-PERMANENT 730 EAST 166 STREET BRONX NEW YORK | 3A | 042 |
|---|---|---|
| PREFERRED                                        BRONX | | |

**Phone # and E-Mail Address:**
HOME: NONE
CELL: 718-913-1081
BUSINESS:NONE
E-MAIL: NONE

N.Y.C.H.A. Resident: **YES**      N.Y.C. Housing Employee: **NO**  On Duty: **NO**
Development: **FOREST**    N.Y.C. Transit Employee: **NO**

Physical Force:**NONE**

Gun:
Weapon Used/Possessed: **NONE**          Make:          Recovered:
Non-Firearm Weapon:          Color:    Serial Number Defaced:
Other Weapon Description:          Caliber:          Serial Number:
Type:
Discharged: **NO**

Used Transit System: **NO**
Station Entered:
Time Entered:
Metro Card Type:
Metro Card Used/Poses:
Card #:

| CRIME DATA | DETAILS |
|---|---|
| MODUS OPERANDI | UNKNOWN |
| ACTIONS TOWARD VICTIM | UNK |
| CLOTHING | OUTERWEAR - SWEAT SHIRT OR JOGGING JACKET - GRAY |
| CLOTHING | ACCESSORIES - SWEAT / JOGGING CLOTHES - BLACK |
| CLOTHING | FOOTWEAR - SNEAKERS - GRAY |
| CLOTHING | HEADGEAR - DU-RAG - BLACK |
| CHARACTERISTICS | UNKNOWN |
| BODY MARKS | -UNKNOWN |
| IMPERSONATION | UNKNOWN |

**JUVENILE DATA:** | Arrest #: **B22634573**

Relative Notified:  Personal Recog:
Number Of Priors: **0**          Name:
School Attending:          Phone Called:
Mother's Maiden Name:          Time Notified:

**ASSOCIATED ARRESTS:** | Arrest #: **B22634573**

ARREST ID  COMPLAINT #

**No Vehicles for Arrest #**

**DEFENDANTS CALLS:** | Arrest #: **B22634573**

| CALL # | NUMBER DIALED | NAME - PROVIDED BY DEFENDANT | NAME AS LISTED IN CELL PHONE | RELATIONSHIP | CALL COMPLETED |
|---|---|---|---|---|---|
| 1 | -- | REFUSED,REFUSED | REFUSED | | NO |

**INVOICES:** | Arrest #: **B22634573**

INVOICE#  COMMAND  PROPERTY TYPE  VALUE

**ARREST RULES:** | Arrest #: **B22634573**

ORIGINAL ARREST PROCESSING TYP : O
OFFENCE DATE : 09/14/2022
AGE AT TIME OF OCCURRENCE : 41
AGE BAND : C_RTA_2019
JUV. OFFENDER CHARGE : , IS JUV .OFFENDER : FALSE
JUV. DELINQUENT CHARGE : , IS JUV.DELINQUENT : FALSE
JUV. ADOLESCENT CHARGE : , IS ADOLESCENT : FALSE

**ARRESTING OFFICER: POM HUSAMEDI UMER** | Arrest #: **B22634573**

| Tax Number: **963786** | On Duty: **YES** | **Force Used: NO - No Force Used by any MOS** |
|---|---|---|
| Other ID (non-NYPD): **0** | In Uniform: **YES** | Type: |
| Shield: **7309** | Squad: **B3** | Reason: |
| Department: **NYPD** | Chart: **04** | Officer Injured: **NO** |
| Command: **807** | Primary Assignment: **BEAT OFFICER** | Officer Body Worn Camera: **YES** |

| | | | | | | TRI Number: 0000-000-00000 Suffix: 0 | |
|---|---|---|---|---|---|---|---|
| **Assisting Officer:** BARSAMIAN, CHRISTOP A | Department: NYPD | Command: 807 | Tax Number: 956416 | Other ID (non-NYPD): 0 | Body Worn Camera: YES | TRI Number: 0000-000-00000 Suffix: 0 | Force Used: NO - No Force Used by any MOS Type: Reason: |
| Arresting Officer Name: POM UMER, HUSAMEDI | | | | Tax #: 963786 | | Command: 807 | Agency: NYPD |
| Supervisor Approving: SGT BRITO MICHAEL J | | | | Tax #: 941458 | | Command: 807 | Agency: NYCHA |
| Report Entered by: POM UMER, HUSAMEDIN | | | | Tax #: 963786 | | Command: 807 | Agency: NYPD |

**END OF ARREST REPORT**
**B22634573**

Print this Report

Exhibit G

# Squatters In New York

Squatters – those mysterious figures who move into abandoned or vacant properties – have long been a subject of curiosity and confusion. Many people wonder—and fear—how squatters sometimes end up with legal ownership and legal title of the property they've occupied.

Squatters' rights exist in various forms across the United States, including New York. The requirements for claiming these rights vary from state to state, making it essential to understand the specific laws in your area. The squatters rights New York state provides differ from those provided in other states.

While you can feel comforted that it is notoriously difficult for a squatter to fulfill all the requirements necessary to make a successful legal claim to your property, it never hurts to be prepared. In this article, we'll cover squatter's rights in New York and explain how adverse possession works in this state.

## Overview

- **Minimum Occupation Required:** 10 consecutive years (30 days in NYC)
- **Property Taxes Required?** Yes
- **Color of Title Required?** Yes

## Who Are Squatters?

A squatter is someone who occupies a property without legal ownership or permission from the property owner. They often move into vacant, abandoned, or neglected properties. Squatters could squat temporarily (e.g., for a few weeks) or for years at a time, and they do not pay rent like a legal tenant would.

While the term "squatter" probably summons a certain image in your mind, it's important to note that not all squatters have nefarious intentions. A squatter could be someone who thought they legally owned a property that has been passed down in their family over many generations, only to find out years later that the title officially belongs to someone else.

## Who *Isn't* a Squatter?

Not everyone who occupies or enters a property without permission is a squatter. For instance, a legal tenant with an expired lease is not a squatter. Rather, they are a "holdover tenant," or a previous tenant who no longer has the right to live in the property. Legal tenants who break the lease are not squatters either. Likewise, trespassers are also not squatters. Criminal trespassers are people who enter onto your private property but do not live there, while squatters actually *occupy* and live on the vacant property.

## What Are Squatter's Rights/Adverse Possession?

Squatter's rights, also known as adverse possession, refer to the general legal principles that allow squatters to gain ownership of a property through a long period of possession, even without the owner's permission. While squatter's rights might seem antiquated today, the principles of adverse possession were established to reward the productive use of land and discourage neglect of properties.

There is no federal law governing squatter's rights, but there are legal precedents for them in each state and laws governing some of the requirements to claim adverse possession.

## Squatters Rights in New York

To make a successful claim for adverse possession in New York, a squatter must meet the following requirements as per <u>NY RPA Code § 511</u>:

- Occupy the property for at least **ten continuous years.**
- Have color of title.

"Color of title" refers to the non-regular ownership of a property, usually when someone lacks one or more required ownership documents, like an official deed. In the state of New York, a squatter must have had color of title for the entire ten years of continuous occupation/ actual possession before they can file a valid adverse possession claim. The squatter may also be required to pay property taxes on the land they intend to claim.

Squatters must also meet five general requirements when claiming adverse possession:

1. **Adverse/Hostile Possession—**The squatter must *not* have a valid lease or rental agreement with the owner.

2. **Actual Possession—**The squatter must have actively lived in the property (actual possession) for a certain length of time.

3. **Open and Notorious Possession—**The squatter's possession of the property is open and obvious to neighbors or anyone else. They aren't living there "in secret" or trying to hide their presence.

4. **Exclusive Possession—**The squatter does not share possession of the property with anyone else. They prevent others from living there like property owners would.

5. **Continuous Possession—**The squatter must hold uninterrupted and continuous possession of the property (for 10 consecutive years in New York).

# Squatters Rights in NYC

New York City has its own squatter rights laws. According to the squatters rights NYC provides, squatters can claim tenant's rights after **only thirty days of continuous occupation** (NYC Code § 26-521). This short possession period has led to many frustrated landlords and continues to be a problem for property owners in the city.

If you're a landlord with a vacant property in New York City, be sure to check your property for squatters (or hire a property manager to do so) at least every few weeks. Otherwise, a squatter could initiate a quiet title action and claim squatter's rights legally with the court, causing you to have to go through a complicated and expensive legal process to remove them. Like all real estate property claims, a squatter dispute should be taken very seriously.

# How Does a Squatter Claim Adverse Possession/ Squatters Rights in New York?

If a squatter has fulfilled both the requirements for New York squatter's rights and the general squatter's rights principles above, they can file a claim for adverse possession or bring an action to "quiet title." Quiet title is the legal action to claim the right of possession and ownership of a particular property.

Note, however, that just because a squatter files an adverse possession claim, this does not mean they will be successful. There are many obstacles to

winning an adverse possession case—for instance, the adverse possessor would need to:

- Gather ample evidence for their claim (e.g., mail addressed to the property in their name, property tax receipts, evidence that they've "beautified" the property, etc.)

- File a quiet title complaint with the court

- Attend a hearing with you in front of a judge, where they'll present their case for adverse possession

- Successfully convince a judge that they have fulfilled all the state requirements for adverse possession according to the squatters rights New York provides

- Receive a judgment for adverse possession to perfect the title

As you can see, an adverse possessor has an enormous burden of proof when claiming ownership of your property. It is a highly complex process that often requires the squatter to hire an attorney and have a long period of occupation. For this reason, a squatter situation you're involved in likely won't escalate to a successful action to quiet title—that is, *unless your property is located within the jurisdiction of New York City law. In NYC, every squatter situation is serious.* If you notice a squatter living in your NYC property, call a lawyer or local law enforcement agency immediately.

# How to Remove a Squatter in New York

As in almost all other states, removing a squatter in New York necessitates the full eviction process. Treating the adverse possessor like any other tenant ensures that any adverse possession claim they file is invalid. If you find out that a squatter is living in your property, you need to provide proper notice, file a formal eviction complaint in court, and attend (or get your attorney to attend) a hearing to lawfully remove the squatter.

Here is an overview of the <u>New York eviction process</u> for squatters:

1. The property owner must **file a formal eviction notice**. In New York, the required notice is a **ten-day notice to quit** for squatters and other non-tenants.

2. After the ten-day notice expires, property owners must **file a complaint** for eviction called a *Petition for Special Proceedings* with whichever court has jurisdiction over evictions where the property is located. This could be any of the following courts:

   - 
   - New York County Court
   - The court of a police justice of the village
   - New York Justice Court
   - A court of civil jurisdiction in a city
   - New York District Court

3. The court will then issue a **summons** (or *Notice of Petition*) demanding the squatter's presence in court, to be served by the sheriff or any other non-party of age.

4. Both parties must attend the court **hearing** to present evidence of lawful ownership.

5. Upon confirming legal ownership, the court will issue a *Warrant for Possession* giving the squatter 14 days to move out.

6. If the squatter does not vacate the property within those 14 days, a sheriff can **forcibly remove** them.

Remember that police officers *cannot* remove squatters—you *must* call the sheriff, who has the appropriate jurisdiction to remove the squatter.

# How to Prevent Squatters from Living in Your Vacant New York Property

Here are a few practical tips to prevent squatters from moving into your vacant property:

- Regularly inspect your vacant property (for NYC landlords, do this at least every few weeks).

- Make your property appear inhabited during vacancy periods.

- Install adequate lighting and security systems to deter unauthorized entry.

- Secure all doors, windows, and access points with sturdy locks and barriers.

- Post "No Trespassing" signs on the property.

- Encourage neighbors to report any suspicious activity.

- Consider hiring a property management company to oversee and maintain the property.

- If feasible, keep the property in use, even if temporarily, to discourage squatting.

- Develop a good relationship with local law enforcement and notify them of the property's vacancy to increase patrols and response to trespassing.

# Conclusion

Knowledge is indeed power when it comes to understanding the squatters rights NY laws. However, it's worth noting that adverse possession laws are unlikely to come into play in most cases. Property neglect to the extent that a squatter could go unnoticed for the required period is rare, emphasizing the importance of vigilance and preventative measures in protecting property rights.

*Innago does not provide legal advice. The content and materials provided in this article are for general informational purposes only and may not be the most up-to-date information.*

U.S. District Court

Southern District of New York

Devin Richardson
            Plaintiff - Pro-se,

V.                                     Summons
                                    Civil Action No.

City of New York
Capt. Moya     (N.Y.P.D.)
Lt. Gavin Hoop (N.Y.P.D.)
P.O. Husamedin umer (N.Y.P.D.)
P.O. Holika Espiral  (N.Y.P.D.)
Tamika Powell   (N.Y.C.H.A.)
Daniel kiss     (N.Y.C.H.A.)
Kim Theodore   (N.Y.C.H.A.)
James secreto   (N.Y.C.H.A.)
                      Defendants.

TO THE ABOVE-NAMED Defendants:


    You are hereby summoned and required to serve upon Plaintiff, whose address is Metropolitan Detention center (M.D.c) P.O. Box 329002 Brooklyn, N.Y. 11232 an answer to the complaint which is here-with served upon you, exclusive of the day of service of this summons upon you, exclusive of the day of service, or 60 days if the U.S. Government or Officer / agent thereof is a defendant. If you fail to do so, judgement by default will be taken against you for the relief

demanded in the complaint.

clerk of the court Date: Dec 16th, 2024

Devin Richardson

U.S. District court
Southern District of New York

Devin Richardson
                Plaintiff Pro-se,

V.                                    Affidavit of service
                                          Civil No.

City of New York
Capt. Mola        (N.Y.P.D)
Lt. Gavin Hoop    (N.Y.P.D)
P.O. Husamedin umer (N.Y.P.D)
P.O. Holika Espinal   (N.Y.P.D)
Tamika Powell      (N.Y.C.H.A)
Daniel Kiss        (N.Y.C.H.A)
Kim Theodore       (N.Y.C.H.A)
James Secreto      (N.Y.C.H.A)
                    Defendants.

        Now comes Devin Richardson, the Affiant
Herein swears under the penalties of perjury that,
he did place in the U.S. Mail Box located at the Metro-
politan Detention Center (M.D.C), with first-class
postage, on December 18th, 2024  : Complaint,
Summons, and Motion to Proceed in Forma Paupers.
Addressed to the Daniel Patrick Moynihan U.S.
Courthouse 500 Pearl Street New York, N.Y. 10007

In accordance with 28 U.S.C. Section 1746(2), Affiant declares under penalty of perjury that the foregoing is true and correct.

Devin Richardson

Dated: Dec 18, 2024.



RECEIVED
JAN 0 2 2025
PRO SE OFFICE

Loan
"M.S.A. SK"

S.D.N.Y.

Daniel Patrick Moynihan U.S. Courthouse

500 Pearl Street

New York, New York

MDC - Brooklyn

80 29th Street

Brooklyn, N.Y. 11232