RECEIVED
SDNY PRO SE OFFICE

2025 DEC 16  PM 1:33

page # 1 of 30   U.S. District Court
Southern District of New York

Devin Richardson
          Plaintiff Pro-se,

v.

City of New York
Inspector, Terlin Moya (N.Y.P.D)
Lieutenant, Giavin Hoop (N.Y.P.D)
Police officer, Holika Espinal (N.Y.P.D)
Police officer, Husamedin umer (N.Y.P.D)
James Secreto, Public safety and security (N.Y.C.H.A)
Tamika Powell, Housing Manager Forest Houses (N.Y.C.H.A)
Daniel Kiss, (N.Y.C.H.A)
Kim Theodore, Property Management (N.Y.C.H.A)
Toussaint F.Itts, Superintendent (N.Y.C.H.A)
                    Defendant(s).

Amended
Complaint

25 CV.00287 (ER)

## Jurisdiction
## and
## Venue

1. This is a civil action authorized 42 u.s.c.
section 1983 to redress the deprivation, under
color of state Law, of rights se-
cured by the Constitution of the

page #2 of 30 — united states. The Court has jurisdiction under 28 u.s.c. section 1331 and 1343(a)(3).

2. The Southern District of New York is an appropriate venue under 28 u.s.c. section 1391 (b)(2), because it's where the events giving rise to this claim occurred.

## Plaintiff

1. Plaintiff, Devin Richardson, proceeding in Pro-se. He is currently confined in the Metropolitan Detention Center ("M.D.C"), 80 29th Street Brooklyn, N.Y. 11232

## Defendant(s)

1. The City of New York
Corporation counsel
100 Church Street
New York, N.Y. 10007

2. Inspector, Yerlin Maya New York City Police Department ("N.Y.P.D") Police Service Area 7 ("P.S.A 7") 731 Melrose Avenue Bronx, N.Y. 10455.

3. Lieutenant Gavin Hoop (Tax #941910)

page #3 of 30    N.Y.P.D., P.s.A.7, 737 Melrose Avenue Bronx, N.Y. 10455.

4. Police officer Husamedin Umer (Tax #963786), (Shield #7309), N.Y.P.D., P.s.A.7, 737 Melrose Avenue Bronx, N.Y. 10455.

5. Police officer Holika Espinal (Tax #962382)(Shield #9482), N.Y.P.D., P.s.A.7, 737 Melrose Avenue Bronx, N.Y. 10455.

6. James Secreto, New York City Housing Authority ("N.Y.C.H.A."), Public Safety and Security, 90 Church Street New York, N.Y. 10007.

7. Kim Theodore, N.Y.C.H.A, Neighborhood Administrator Bronx Property Management, 1200 Waters Place Bronx, N.Y. 10461.

8. Tamika Powell, N.Y.C.H.A, Housing Manager Forest Houses, 1010 Trinity Avenue Bronx, N.Y. 10456.

9. Daniel Kiss, N.Y.C.H.A. 1010 Trinity Avenue Bronx, N.Y. 10456.

10. Toussaint Fitts, N.Y.C.H.A, Superintendent Forest Houses, 1010 Trinity Avenue Bronx, N.Y.

page #4 of 30 | 10456.

11. Each defendant, is sued individually and in his and/or her Official Capacity. At all times Mentioned in this complaint each defendant acted under Color of State Law.

## Facts

On or about April 1st, 2019. Plaintiff entered into a verbal sublease agreement with Kevin Davis, to rent an apartment located at 730 East 166th Street #3A Bronx, N.Y. 10456 ("Premises #1"). As part of the above Mentioned, sublease agreement. Plaintiff agreed to pay the outstanding rent balance for Premises #1, of around or about three thousand dollars. On or about April 16th, 2019. Plaintiff did pay the over-due rent balance.

On or about August 8th, 2022, through around or about August 23rd, 2022. N.Y.C.H.A. Employee's James Secreto, Tamika Powell, Daniel Kiss, Kim Theodore, and Toussaint Fitts. Aware that Plaintiff resided at Premises #1, for over thirty days and was entitled to tenant protection pursuant to state and Municipal law. Had Plaintiff arrested and unlawfully locked out of Premises #1. Also James Secreto of the N.Y.C.H.A. enlisted, Inspector Yorlin Moya ("Moya") of the N.Y.P.D., P.S.A. 7, as apart of their

page #5 of 30

diabolical scheme to circumvent state and Municipal law and unlawfully evict Plaintiff from Premises #1.

On August 8th, 2022. In an E-mail sent to James Secreto from Kim Theodore. Ms Theodore erroneously and with a reckless disregard for the truth, transmitted communications about Plaintiff meant to exaggerate and inflame others against him. Again these statements were used to enlist N.Y.P.D., Inspector Moya, as part of the N.Y.C.H.A's diabolical scheme to unlawfully evict Plaintiff from Premises #1.

Furthermore, on August 8th, 2022. Toussaint Fitts, transmitted communications with Kim Theodore, via E-mail. These E-mail's were used in the hope of inflaming others against Plaintiff, and to forward their plan to unlawfully evict him from Premises #1.

On September 19th 2022. At approximately 2:00 P.M. The first wave of N.Y.P.D. storm-troopers, Police officer Holika Espinal ("P.O. Espinal") and Lieutenant Gavin Hoop ("Lt. Hoop") among them. Arrived at Premises #1, P.O. Espinal informed Plaintiff that, as per N.Y.C.H.A.'s Management Plaintiff was Trespassing in Premises #1 and demanded that Plaintiff leave or be arrested. At this point Plaintiff refused to leave Premises #1 and informed P.O. Espinal that, he resided at

page 6 of 30

Premises #1 for around or about three year's, and presented to P.O. Espinal his New York State Identification ("N.Y.S.I.D"), bearing Premises #1's address. Plaintiff also presented to P.O. Espinal, incoming Mail bearing his name and Premises #1's address. Plaintiff also informed P.O. Espinal that, the issue between Plaintiff and the N.Y.C.H.A. was a civil matter and not criminal pursuant to state and Municipal law. And Plaintiff should not be arrested for criminal Trespassing especially after presenting to P.O. Espinal, an official N.Y.S.I.D that could have been verified with the New York State Department of Motor Vehicles ("N.Y.S.D.M.V").

Nevertheless, Plaintiff was arrested and charged with Criminal Trespass. Without the shadow of any doubt, with Inspector Maja's blessings.

On October 4th, 2022. At approximately 12:02 p.m. The second phalanx of N.Y.P.D Storm-Trooper's, Police officer Husamedin umer ("P.O. umer") and Lt. Hoop among them. Arrived at Premises #1. P.O. umer informed Plaintiff that, as per N.Y.C.H.A.'s Management Plaintiff was Trespassing in Premises #1 and demanded that, Plaintiff leave or be arrested. At this point Plaintiff refused to leave and informed P.O. umer that, he resided at Premises #1 for three year's, and presented to P.O. umer his N.Y.S.I.D bearing Premises #1's address. Plaintiff also pre-

page #7of30 sented to P.O. urner, incoming mail bearing Plaintiff's name and Premises #1's address. Plaintiff informed P.O. urner that, the issue between Plaintiff and the N.Y.C.H.A., is a civil matter not Criminal pursuant to state and Municipal law, and Plaintiff should not be arrested for Criminal Trespass, especially after presenting to P.O. urner an official N.Y.'s I.D. that could have been verified with the N.Y.'s D.M.V. Nevertheless, Plaintiff was arrested and charged with Criminal Trespass. With no doubt under Inspector Maya's direction, in concert with the N.Y.C.H.A.'s management.

On April 20th, 2023. Both Criminal Trespass Charge's against Plaintiff were dismissed in the interest of justice.

## Cause of Action

### First cause of Action
unlawful search and seizure
under New York state law

1. The above paragraphs are here incorporated by reference as though fully set forth herein.

2. Defendants subjected Plaintiff and his property to unreasonable searches and seizures without a valid warrant and without reasonable suspicion or probable cause do so.

3. Plaintiff was conscious and fully aware of the unreasonable searches and seizures to his person and property.

4. Plaintiff did not consent to the unreasonable searches and seizures to his person or property.

5. The unreasonable searches and seizures to Plaintiff's person and property were not otherwise privileged.

6. Accordingly, defendants violated plaintiff's rights to be free from unreasonable searches and seizures, pursuant to Article 1, Section 12, of the New York State Constitution and Article 11, section 8, of the New York Civil Rights Law.

7. Defendant City of New York, as employer of the individual Defendants, is responsible for their wrongdoings under the doctrine of respondeat superior.

8. As a direct and proximate result of this un-

page# 9 of 30

lawful conduct, Plaintiff sustained the damages herein alleged.

Second Cause of
Action
Unlawful Search and Seizure
Under 42 U.S.C. section 1983
Against Individual Defendants

9. The above paragraphs are here incorporated by reference as though fully set forth herein.

10. Defendants subjected Plaintiff and his property to unreasonable searches and seizures without a valid warrant and without reasonable suspicion or probable cause to do so.

11. Plaintiff was conscious and fully aware of the unreasonable searches and seizures to his person and property.

12. Plaintiff did not consent to the unreasonable searches and seizures to his person or property.

13. The unreasonable searches and seizures to Plaintiff's person and property were not otherwise privileged.

14. Accordingly, defendants violated Plaintiffs rights to be free from unreasonable searches and seizures, pursuant to the Fourth Amendment to the United States Constitution.

15. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

### Third Cause of Action
### False Arrest and False Imprisonment
### Under New York State Law

16. The above paragraphs are here incorporated by reference as though fully set forth herein.

17. Defendants subjected Plaintiff to false arrest, false imprisonment, and deprivation of liberty without a valid warrant or probable cause.

18. Plaintiff did not consent to his confinement.

19. Plaintiff were conscious of their/his confinement.

20. Plaintiffs arrest and false imprisonment were not otherwise privileged.

21. Defendant city of New York, as employer of the individual Defendants, is responsible for their wrongdoings under the doctrine of respondeat superior.

22. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

Fourth Cause of
Action
False Arrest and False Imprisonment
Under 42 u.s.c. Section 1983 Against
Individual Defendants

23. The above paragraphs are here incorporated by reference as though fully set forth herein.

24. The Defendants violated the Fourth and Fourteenth Amendments to the u.s. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

25. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion

26. Accordingly, defendants violated Plaintiff rights to be free from unreasonable searches and seizures, pursuant to the Fourth Amendment to the U.S. Constitution.

27. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

## FIFTH Cause of Action
## Malicious Prosecution under New York State Law

28. The above paragraphs are here incorporated by reference as though fully set forth therein

29. Defendants initiated the prosecution against Plaintiff.

30. Defendants lacked probable cause to believe Plaintiff was guilty or that the prosecutions could succeed.

31. Defendants acted with malice, which, in the absence of probable cause, may be inferred.

32. The prosecutions were terminated in Plaintiff's

favor, when all criminal charges were unconditionally dismissed and sealed.

33. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs suffered significant damages.

34. Defendant city, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

35. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

## Sixth Cause of Action
## Malicious Prosecution under 42 U.S.C. Section 1983 Against Individual Defendants

36. The above paragraphs are here incorporated by reference as though fully set forth herein.

37. Defendants initiated the prosecutions against Plaintiff.

38. Defendants lacked probable cause to believe

page #14 of 30

Plaintiff was guilty or that the prosecutions would succeed.

39. Defendants acted with malice, which, in the absence of probable cause, may be inferred.

40. The prosecutions were terminated in Plaintiff's favor, when all criminal charges were unconditionally dismissed and sealed.

41. Accordingly, Defendants violated Plaintiff's Fourth and Fourteenth Amendment rights.

42. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

Seventh Cause of
Action
Malicious Abuse of Process under
New York State Law

43. The above paragraphs are here incorporated by reference as though fully set forth herein.

44. Defendants arrested, detained and caused the criminal prosecutions to be initiated or maintained against Plaintiff to compel the compliance

page # 15 of 30 or forbearance of some act.

45. Defendants had no excuse or justification to forcibly detain or initiate prosecutions against Plaintiff, especially with the absence of any cognizable probable cause.

46. Defendants intended to inflict substantial harm upon Plaintiff.

47. Defendants acted to achieve a collateral purpose, beyond or in addition to Plaintiffs criminal prosecutions.

48. Defendant city, as employer of the individual Defendants, is responsible for their wrong-doing under the doctrine of respondeat superior.

49. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

Eighth Cause of
Action
Malicious Abuse of Process under
42 U.S.C. Section 1983 Against Individual Defendants

page 16 of 30

50. The above paragraphs are here incorporated by reference as though fully set forth herein.

51. Defendants arrested, detained and caused the criminal prosecutions to be initiated or maintained against Plaintiff to compel the compliance or forbearance of some act.

52. Defendants had no excuse or justification to forcibly detain and initiate a prosecution against Plaintiff, especially with the absence of any cognizable probable cause.

53. Defendants intended to inflict substantial harm upon Plaintiff.

54. Defendants acted to achieve a collateral purpose, beyond or in addition to Plaintiffs criminal prosecutions.

55. Defendants actions deprived Plaintiff of his constitutional rights to be free from illegal searches and seizures and to not be deprived of his liberty without the due process of law in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

56. As a direct and proximate result of this

of this unlawful conduct, Plaintiff sustained the damages herein alleged.

### Ninth cause of Action
### Denial of Right to Fair Trial under New York State Law

57. The above paragraphs are here incorporated by reference as though fully set forth herein.

58. Defendants fabricated false evidence to be used against Plaintiff that was likely to influence a jury's decision.

59. Defendants forwarded said false information to prosecutors within the District Attorney's office.

60. Defendants actions resulted in post-arraignment restrictions and deprivations upon Plaintiffs liberty and freedom of movement.

61. Accordingly, defendants deprived Plaintiff of his civil rights, pursuant to Article 1, section 1, 2, 6 and 9, of the New York State Constitution as well as Article II, sections 10 and 12, of the New York Civil Rights Law.

62. Defendant city, as employer of the individual Defendants, is responsible for their wrong-doing under the doctrine of respondeat superior.

63. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

Tenth Cause of Action
Denial of Right To Fair Trial
under 42 U.S.C. Section 1983
Against Individual Defendants

64. The above paragraphs are here incorporated by reference as though fully set forth herein.

65. Defendants fabricated false evidence to be used against Plaintiff that was likely to influence a jury's decision.

66. Defendants forwarded said false information to prosecutors within the District Attorney's office.

67. Defendants actions resulted in post-arraignment restrictions and deprivations upon Plaintiffs liberty and freedom of movement.

page #19 of 30

68. Accordingly, defendants violated Plaintiff's rights to fair trial, pursuant to the Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

69. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

### Eleventh Cause of Action
### Deprivation of Rights and Denial of Equal Protection of the Laws under New York State Law.

70. The above paragraphs are here incorporated by reference as though fully set forth herein.

71. Plaintiff, as an African-American male, belong to protected classes and racial/ethnic minorities.

72. Defendants discriminated against Plaintiff on the basis of his race, color, national origin, ancestry, gender, religion, religious practice, age, disability or sexual orientation.

73. Defendants also engaged in the selective

treatment of Plaintiff, in comparison to others similarly situated.

74. Defendants discriminatory treatment of Plaintiff was based on impermissible consider-ations, such as race, color, ethnicity, an intent to inhibit or punish Plaintiff for the exertion of his constitutional rights, or a malicious or bad faith intent to injure Plaintiff.

75. Defendants applied facially neutral laws against Plaintiff in a discriminatory manner.

76. Defendants, motivated by discriminatory animus, applied facially neutral statutes with adverse effects against Plaintiff.

77. Defendants did not possess a rational basis, excuse or justification for applying any laws or statutes against Plaintiff.

78. Accordingly, defendants violated Plain-tiff's rights, pursuant to Article 1, sect-ion 11, of the New York State Constitution, Article VII, Section 79-N, of the New York Civil Rights Law and section 296, Paragraph 13, of the New York Human Rights Law.

79. Defendant city, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

80. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

Twelfth cause of Action

Deprivation of Rights and Denial of Equal Protection of The Laws under 42 U.S.C sections 1981 and 1983 Against Individual Defendants

81. The above paragraphs are here incorporated by reference as though fully set forth herein.

82. Plaintiff, as an African-American male, belonging to protected classes and racial/ethnic Minorities.

83. Defendants discriminated against Plaintiff on the basis of his race, color or ethnicity.

84. Defendants engaged in the selective treatment of Plaintiff in comparison to others similarly situated.

page # 22 of 30

85. Defendants selective treatment of Plaintiff was based on impermissible considerations, such as race, color, ethnicity, an intent to inhibit or punish Plaintiff for the exertion of his constitutional rights, or Malicious or bad faith intent to injure Plaintiff.

86. Defendants applied facially neutral laws against Plaintiff in a discriminatory manner.

87. Defendants, motivated by a discriminatory animus, applied facially neutral penal statutes with adverse effects against Plaintiff.

88. Defendants did not possess a rational basis, excuse or justification for applying any laws or statutes against Plaintiff.

89. Defendants violated Plaintiff rights, under the Fourteenth Amendment to the united States Constitution.

90. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

Thirteenth Cause of Action

Conspiracy to Interfere with Civil Rights and
Failure to Prevent the Conspiracy under 42 U.S.C.
Sections 1983, 1985, and 1986 Against Individual
Defendants

91.  The above paragraphs are here incorporated by
reference as though fully set forth herein.

92.  Defendants engaged in a conspiracy against
Plaintiff to deprive Plaintiff of his rights to be
free from unreasonable searches and seizures,
to be afforded a fair trial, to not be deprived of his
liberties or property without due process of law,
or of the privileges and immunities under the laws
and Constitutions of the United States and of the
state of New York.

93.  Defendants committed overt acts in further-
ance of their conspiracy against Plaintiff.

94.  As a result, Plaintiff sustained injury to
his person, lost of his property, was deprived
of his liberties or was deprived of rights or
privileges of citizens of the United State.

95.  Defendants conspiracy was motivated by a
desire to deprive Plaintiff of his civil rights or
because of some racial, otherwise class-based, invid-

Page # 24 of 30 | ious or discriminatory animus.

96. The Defendants that did not engage or partici-
pate in the conspiracy to interfere with Plaintiff's
civil rights, had knowledge that acts in furtherance
of the conspiracy were about to be committed or
in process of being committed, possessed the power
to prevent or aid in the prevention of the con-
spiratorial objective, and neglected to do so.

97. Accordingly, defendants violated Plaintiff's
rights, pursuant to the Fourth, Fifth, Sixth and/or
Fourteenth Amendments to the United States
Constitution.

98. As a direct and proximate result of this un-
lawful conduct, Plaintiff sustained the damages
herein alleged.

### Fourteenth Cause of Action

### Failure to Intervene under New York State Law

99. The above paragraphs are here incorporated
by reference as though fully set forth herein.

100. Those Defendants that were present but did

page # 25 of 30  not actively participate in the aforementioned unlawful conduct, observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

101. Defendant city, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

102. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

### Fifteenth Cause of Action
### Failure to Intervene under
### 42 U.S.C. Section 1983 Against
### Individual Defendants

103. The above paragraphs are here incorporated by reference as though fully set forth herein.

104. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, and failed to intervene.

page # 26 of 30

105. Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

106. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

### Sixteenth Cause of Action
### Negligent Hiring, Training, Retention and Supervision under New York State Law

107. The above paragraphs are here incorporated by reference as though fully set forth.

108. Defendant city owed a duty of care to the Plaintiff to adequately hire, train, retain and supervise its employee defendants.

109. Defendant city breached those duties of care.

110. Defendant city placed defendants in a position where they could inflict foreseeable harm.

111. Defendant city knew or should have known of its employees propensity for committing civil rights violations.

112. Defendant city failed to take reasonable measures in hiring, training, retaining and supervising its employee defendants that would have prevented the aforesaid injuries to Plaintiff.

113. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

## Seventeenth Cause of Action

### Municipal "Monell" Liability under 42 U.S.C. section 1983 Against Defendant City

114. The above paragraphs are here incorporated by reference as though fully set forth.

115. Defendant city maintained a policy or custom that caused Plaintiff to be deprived of his civil rights, tacitly approved of such violative conduct or was deliberately indifferent toward the potential exposure of individuals, such as Plaintiff, to such violative behavior.

116. Defendant city's employee police officers have engaged in an illegal pattern and practice of misconduct, so consistent and widespread that it

constitutes a custom or usage, of which a supervisor or policymaker must have been aware of.

117. Defendant city, its policymakers and supervisors failed to provide adequate training or supervision to their subordinates, to such an extent that is tantamount to the city's deliberate indifference toward the rights of those who may come into contact with defendant city's employees.

118. Defendant city's employees engaged in such egregious and flagrant violations of Plaintiffs Constitutional rights that the need for enhanced training or supervision is obvious and equates to a display of deliberate indifference by defendant city and its policymakers toward the rights of individuals, who may come into contact with defendant city's employees.

119. Defendant city's repeated refusal or failure to install or apply corrective or preventive measures constitutes the tacit approval of such violative behavior or a deliberate indifference to the rights of those who may be affected by such behavior.

page # 29 of 30

120. Defendant city's conduct caused Plaintiff to be deprived of his civil rights, as guaranteed by the Constitution of the United States, via the Fourth, Fifth, Sixth, and Fourteenth Amendments thereto.

121. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

### Damages

Plaintiff demands punitive damages in the amount of $1,500,000.⁰⁰ for violation of his rights under the laws of the state and city of New York and for violation of his rights under the Constitutions of the United States and the State of New York.

Plaintiff also demands trial by jury.

WHEREFORE, Plaintiff respectfully request judgment against Defendants awarding Plaintiff punitive damages demanded in the complaint or punitive damages in an amount to be determined by a jury on all causes of action set forth herein.

In accordance with 28 U.S.C. Section 1746 (2), Plaintiff declares under the penalty of

page # 30 of 30    perjury that the foregoing is true and correct.

Respectfully,

Devin Richardson

# 83574-053

page # 1 of 2

United States District Court
Southern District of New York

Devin Richardson,
              Plaintiff Pro-se,

                                        Summons

v.                                      25 civ. 00287 (ER)

City of New York
Inspector, Yerlin Moya (N.Y.P.D)
Lieutenant, Gavin Hoop (N.Y.P.D)
Police officer, Holika Espinal (N.Y.P.D)
Police officer, Husamedin Umer (N.Y.P.D)
James Secreto, Public safety and security (N.Y.C.H.A)
Tamika Powell, Housing Manager Forest Houses (N.Y.C.H.A)
Daniel Kiss, (N.Y.C.H.A)
Kim Theodore, Property Management (N.Y.C.H.A)
Toussaint F.Itts, Superintendent (N.Y.C.H.A)
                              Defendant(s).

To The Above-Named Defendants:

    You are hereby summoned and required to
serve upon Plaintiff, whose address is the
Metropolitan Detention Center ("M.D.C") 80
29th street Brooklyn, N.Y. 11232, an answer to the
complaint, which is herewith served upon you,
exclusive of the day of services of this summons

page #2 of 2   upon you, exclusive of the day of service, or 60 days if the U.S. Government or officer/agent thereof is a defendant. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Date: 12.5.25                    Respectfully

                                 Devin Richardson
                                 # 83574-053

RECEIVED
DEC 15 2025
CLERK'S OFFICE
S.D.N.Y.

Pro Se

Clerk of Court

U.S District Court S.D.N.Y.

Daniel Patrick Moynihan U.S Courthouse

500 Pearl Street

New York, N.Y. 10007

USM PS SDNY

4-653

Brooklyn

Street

N.Y. 11232