UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEVIN RICHARDSON,

                        Plaintiff,

            – against –

CITY OF NEW YORK, CAPTAIN MOTA, LT.
GAVIN HOOP, P.O. HUSAMEDIN UMER, P.O.
HOLIKA ESPINAL, TAMIKA POWELL, DANIEL
KISS, KIM THEODORE, JAMES SECRETO,
TOUSSAINT FITTS, P.O. KEILA SANCHEZ, P.O.
CHRISTOPHER BARSAMIAN, P.O. JEFFREY
ABREU, P.O. JENNIFER GIANNONE, *and* P.O.
EDUARDO MOSQUEA,

                        Defendants.

**ORDER OF SERVICE**

25-cv-00287 (ER)

RAMOS, D.J.:

        Richardson, who is currently incarcerated and proceeding *pro se* and *in forma pauperis* ("IFP"), brought this action on January 2, 2025.  Doc. 1.  On December 16, 2026, Richardson filed a first amended complaint, which added defendant Toussaint Fitts.  Doc. 30 at 1.  As Richardson is proceeding IFP, on January 6, 2026, the Court issued an order of service as to Fitts.  Doc. 38.  On April 6, 2026, Richardson filed a second amended complaint, which added defendants P.O. Keila Sanchez, P.O. Christopher Barsamian, P.O. Jeffrey Abreu, P.O. Jennifer Giannone, and P.O. Eduardo Mosquea.  Doc. 58.  Summonses as to these defendants have not yet been issued.  On April 15, 2026 defendants Secreto, Kiss, Powell and Theodore, all alleged employees of the New York City Housing Authority ("NYCHA"), filed a letter requesting that the Court set a proposed briefing schedule for a motion to dismiss.[1]  Doc. 58.  In that letter, they

---

[1] The Court's March 24, 2026 order, which granted Richardson leave to file a second amended complaint, dismissed without prejudice the previously filed motions to dismiss as moot.  *See* Doc. 54.

noted that defendant Fitts, who, according to the allegations, is also a NYCHA employee, had not yet been served. *Id.*

First, as all defendants have not yet been served, the Court denies, without prejudice, Secreto, Kiss, Powell and Theodore's requested briefing schedule. Those defendants can submit a new request once service has been effectuated as to all defendants.

Because Richardson has been granted permission to proceed IFP, he is entitled to assistance from the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); see also 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

With respect to the added police officer defendants, the Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Police Department of this order. The Court requests that defendants Sanchez, Barsamian, Abreu, Giannone, and Mosquea waive service of summons. With respect to defendant Fitts, to allow Richardson to effect service through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Fitts.

It is SO ORDERED.

Dated:    April 16, 2026
          New York, New York

_____
EDGARDO RAMOS, U.S.D.J.

2

3

**SERVICE ADDRESS**

1.          Toussaint Fitts
            New York City Housing Authority
            Superintendent, Forest Houses
            1010 Trinity Avenue
            Bronx, NY 10456